### SKOLNICK v. ORTH.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

Good Will (§ 6*)—Sale of Business—Resumption of Business by Vendor —"Radius"—"City Block."

The seller of a business contracted not to engage in the same business within a radius of five city blocks from the premises where the business was conducted. Proceeding in a northerly or southerly direction from such premises, the blocks were 200 feet long and separated by streets 60 feet wide, while proceeding westerly they were of no uniform length. The seller engaged in the same business at a point more than 1300 feet from the premises in question, but which could be reached by walking less than five blocks, it being necessary, however, to do so to walk 75 feet north, 1737 feet west, and then north for 420 feet. Held that, as "radius" means a straight line from the center to the circumference of a circle, or, when applied to a limitation of space, a circular limit defined by a radius of specified length, the prohibited territory was a circle having all points equally distant in all directions from the premises in question, and since a "city block" is a square or portion of a city inclosed by streets, or, when employed as a measure of length, the length of one side of such a square, the unit of measurement was the length of a block, the length of which was uniform with the length of other blocks in the same direction, or 260 feet, and hence the new business, being more than 1300 feet from the old business, did not violate the contract; a construction of the contract as prohibiting the establishment of a new business within five blocks in any direction that a person might walk not being permissible, as it would disregard the meaning of the word "radius."

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 2–5; Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 7, pp. 5897, 5898.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by May Skolnick against Frank Orth. From a judgment for plaintiff on a trial without a jury, defendant appeals. Reversed, and complaint dismissed.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued January term, 1914, before LEHMAN, PAGE, and BI-JUR, JJ.

Julius Miller, of New York City, for appellant.
Fliashnick, Bernstein & Dukore, of New York City, for respondent.

PAGE, J. The defendant sold to the plaintiff the delicatessen store and business theretofore carried on by him at No. 131 St. Anns avenue, in the borough of the Bronx, and in the contract of sale agreed "not to engage in the delicatessen business directly or indirectly either as principal or as agent for a period of three years, beginning with the date of these presents, within a radius of five city blocks from the premises herein described, No. 131 St. Anns avenue." In the event of a violation of this agreement, the defendant was to forfeit and pay to the plaintiff $250 as liquidated damages. Within the period limited, the defendant opened and established a similar delicatessen store and business at No. 173 Willis avenue, in the borough of the Bronx. The learned justice in the Municipal Court held that the agreement had been violated, and gave judgment for the plaintiff for the sum of $250. There was no dispute as to the facts. A certified copy of the land map of that portion of the city which includes the territory in question was received in evidence. There was no extrinsic evidence offered which might throw light upon the intent of the parties. The case must therefore be decided entirely from the language of the contract as applied to the physical facts.

Where parties to a contract have used a word that has a well-defined and understood meaning, it is presumed that they employed the word in the sense implied by that definition. The word "radius" means a straight line drawn from the center to the circumference of a circle; when applied to the limitation of space it means "a circular limit defined by a radius of specified length." Webster. Therefore, when the parties to this contract used the words "within a radius of * * * from the premises," as a limitation of the territory within which the defendant was prohibited from engaging in the specified business, they set apart a territory within a circle having all points equally distant in all directions from the premises 131 St. Anns avenue. In order, however, to arrive at the specified length of the radius, we have to determine the meaning of the words "five city blocks," as used in this contract. A "city block" is "a square or portion of a city inclosed by streets, whether occupied by buildings or lots; also the distance of the length of one side of such a square." Webster. As the words are employed in this contract as a measure of the length of the radius, the latter definition applies.

The sides of the block in our city are not equal. The length of one side is three or four times greater than its adjoining side. The parties to this contract having used the word "city block" as a unit of measurement to define length of the radius, we must resort to the map of the locality to find whether there is, in either direction, a uniformity in the length of the blocks. Proceeding in a northerly or southerly direction, we find that the blocks are 200 feet long, separated by streets

60 feet wide, while proceeding westerly we find the length to be, of the first block, 487 feet, of the second, 190 feet, of the third, 820 feet, of the fourth, 613 feet, of the fifth, 550 feet. To ascertain the unit of measurement, we must adopt that block, the length of which is uniform with the length of other blocks in the same direction, otherwise we can derive no standard that was in the minds of the parties when they used the word "block" as a unit. When thus considered, it becomes evident that the word "block," as here used, is synonymous with 260 feet, and the length of the radius of the circle is 1,300 feet.

Describing a circle having its center at 131 St. Anns avenue, we find that 173 Willis avenue is outside of the prohibited territory.

Respondent's counsel argues that the parties intended to prohibit the establishment of business within five blocks in any direction that a person would walk, and 173 Willis avenue, treated thus, is exactly within five blocks of 131 St. Anns avenue. This, however, necessitates a person's walking 75 feet north, and then 1,737 feet west, and again north 420 feet. Such a construction entirely disregards the use of the word "radius" in the contract.

It is elementary that where it is possible, in construing a contract, effect must be given to every word used.

The judgment is reversed, with costs to the appellant, and the complaint dismissed, with costs.

BIJUR, J., concurs.

LEHMAN, J. (concurring). The meaning of the term "within a radius of five city blocks" seems to me quite incapable of certain interpretation. To determine the sense in which the parties have used these words, we must put ourselves, so far as possible, in their position, and it seems to me that the process of exact reasoning and definition, however flawless it may be, by which the intent of the parties, as expressed in these words, has been arrived at, is not a process which would be employed by persons who combine a word denoting "a circular limit defined by a radius of specified length" with a measure of such variable length as a city block and furnishes no guide to their intention. It seems to me entirely a matter of conjecture whether these parties had in mind 260 feet or any other definite measure when they used the term "city block," or whether they used the term "radius" in an inexact sense and intended to prohibit the defendant from opening a new store within the limits of five squares in any direction. It does appear, however, that upon any construction of the contract a store within a radius of 1,300 feet would be a breach of the contract, and, since any wider construction rests only in conjecture, we should enforce the contract only in so far as it is capable of being given a definite meaning.

For this reason, I concur in the view that the judgment should be reversed, and the complaint dismissed.