BENJAMIN STANGER, Respondent, *v.* SUN PRINTING AND PUBLISHING ASSOCIATION, Appellant.

First Department, December 31, 1917.

**Pleading — libel — statement that case of contagious disease existed on plaintiff's premises — complaint not stating cause of action.**

A complaint for libel which in substance alleges that the defendant published an article falsely stating that a case of infantile paralysis, which was then epidemic, existed in a house of a certain number on a certain street, being the same address at which the plaintiff was engaged in manufacturing and selling mattresses and bedding, whereby persons shunned and avoided the plaintiff's premises and certain customers refused to deal with him, resulting in certain losses of money, does not state a cause of action, there being no allegation that the publication was maliciously made and with a willful intent to injure the plaintiff's business.

APPEAL by the defendant, Sun Printing and Publishing Association, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of August, 1917, granting plaintiff's motion for judgment on the pleadings consisting of a complaint and the demurrer thereto.

*Macdonald De Witt,* for the appellant.

*David Goldstein* of counsel [*Goldstein & Goldstein,* attorneys], for the respondent.

SMITH, J.:

The plaintiff is engaged in manufacturing and selling mattresses and bedding in premises known as 2675 Eighth avenue, in the borough of Manhattan. He is the sole tenant of said premises. His complaint is that upon July 31, 1916, there was published in the defendant's paper an article in reference to the infantile paralysis epidemic of 1916, wherein it was falsely stated that one of the new cases of infantile paralysis reported by the health department the day before was that of Celia Ducker, 2675 Eighth avenue; that the article was false in the particular named, and was negligently, carelessly, wrongfully and untruthfully published,

and that his business was damaged thereby to a large amount, for which he claims indemnity. To this complaint a demurrer was interposed, and the court (N. Y. L. J., February 24, 1917) sustained the demurrer upon the ground that the special damage to the business was not alleged with sufficient particularity, under the authority of *Reporters' Association* v. *Sun Printing & Publishing Assn.* (186 N. Y. 437). Thereafter, the complaint was amended, and in the allegation of damage it is stated that the said publication caused the plaintiff's premises to be shunned and avoided, and that the following customers of the plaintiff had refused to and still refuse to patronize the plaintiff's place of business: " Mrs. Watson, who refused to purchase two mattresses from the plaintiff of the value of $10; Mrs. Cohen, who refused to purchase two mattresses of the value of $10 from the plaintiff; Mrs. Burns, who engaged the plaintiff to upholster a parlor suit for her and refused to permit the plaintiff to upholster the same, thereby causing a loss to the plaintiff of $25; Mr. Latzkos, a dealer in furniture, to whom plaintiff sold furniture amounting to the sum of $200 per month; Mr. Mitchell, who refused to buy mattresses from the plaintiff, amounting to $15." The amended complaint, as the prior complaint, charged that the defendant in a newspaper called *The Sun* " Caused to be negligently, carelessly, wrongfully and untruthfully written and printed, and thereupon published and thereupon circulated of and concerning this plaintiff and wrongfully [*sic*] and untruthful and false matter and statements, namely: *  *  *." To this amended complaint the defendant also demurred. The plaintiff procured an order for judgment upon the pleadings, and the defendant appeals, alleging that the complaint is insufficient in two respects, *first*, that the special damages are not pleaded with sufficient particularity to enable the defendant to prepare for trial, and *secondly*, that the publication is not alleged to have been made maliciously or with the willful purpose of inflicting injury.

Without passing upon the first ground of challenge, we are of opinion that the complaint wholly fails to state a cause of action for the failure to state that the publication was made maliciously and with a willful intent to injure the

plaintiff's business. All the damages sought in this action are damages to plaintiff's business. In fact, that is all the damage that could be sought, and it is perfectly evident that the plaintiff could not truthfully allege, if he would, that there was any malice or willful intent to injure his business. It was apparently a pure mistake, and for the damages accruing therefrom the party is without remedy. (*Hovey* v. *Rubber Tip Pencil Co.*, 57 N. Y. 119.) In that case it was held that to maintain an action for a libel injurious to plaintiff's business, it must be shown not only that defendant's publication was not justified in fact, but that it was with malice or a willful purpose of inflicting injury. As the complaint contains no such allegation, the motion for judgment on the' pleadings should not have been granted, and the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.