SOLLY R. BERNFELD and Another, Plaintiffs, *v.* MAX S. FREEDEN-
BERG, Defendant.

Supreme Court, Kings County, February 15, 1925.

**Contracts — action to restrain defendant from conducting store within
five square blocks of store purchased by plaintiffs from defendant —
violation of agreement shown though defendant's store is not within
five measured blocks of plaintiffs' store.**

Under an agreement made by the plaintiffs and defendant at the time the plaintiffs
bought the defendant's store that the plaintiffs would not engage in a similar
business within a radius of five square blocks from the location of the store
sold by the defendant, an injunction will be granted where it appears that the
defendant opened a store within the fifth block from plaintiffs' store, though
it was not within a distance of five measured blocks, on a basis of twenty blocks
to the mile.

MOTION by plaintiffs for an order restraining the defendant,
pending this action, from conducting a retail shoe store at the
premises No. 652 Fifth avenue, Brooklyn.

*J. B. Boudin,* for the plaintiffs.

*Wilber, Norman & Kahn,* for the defendant.

HAGARTY, J.:

Prior to December 30, 1924, the parties to this action, in copartner-
ship, conducted a store at No. 554 Fifth avenue, which is the second
store from the southwest corner of Fifteenth street. Upon the
date mentioned the partnership was dissolved and the defendant
sold his interest to the plaintiffs and agreed not to engage in a similar
business " within a radius of five (5) square blocks from the
location " of the store sold during a designated period. There-
after, and on the 3d day of January, 1925, a bill of sale was delivered,
which contained the same covenant except that the word
" measured " was inserted after the word " blocks." The defendant
has since opened a store for the transaction of the same line of
business at No. 652 Fifth avenue, which is on the southwest corner
of Nineteenth street and Fifth · avenue. In other words, the
defendant is in the fifth square block north of the square block
in which the plaintiffs' store is located. Defendant submits proof
that he is beyond the " measured " distance of a quarter of a mile;
that twenty city blocks constitute a mile, and, therefore, he is
more than five blocks away, measured from plaintiffs' store. The
agreement, however, was made with reference to the existing
physical conditions. The intention was that the defendant should

not engage in a similar line of business within the limits of any square block, i. e., the territory defined by streets surrounding it, distant less than five from any part of the square block in which the plaintiffs' store is located. Motion granted, with $10 costs. Undertaking, $1,500.