GRU CORPORATION, Plaintiff, *v.* RIGHT-IN GARAGE, INC., and Another, Defendants.

Supreme Court, Bronx County, June 11, 1930.

*Aaron Holman,* for the plaintiff.

*Frank Oliver,* for the defendants.

HAMMER, J. Plaintiff purchased a garage consisting of a running business and lease located at 383 East Two Hundred and First street, between Decatur and Webster avenues, The Bronx, from the corporate defendant. By a separate agreement both defendants covenanted and agreed " not to re-establish, re-open or be engaged in or in any manner become interested, directly or indirectly, either as an employee, as owner, partner (dormant or otherwise), as agent or as stockholder, director or officer of a corporation or

otherwise in any business, trade or occupation similar to the business hereby sold within a radius of ten blocks from premises 383 East 201st Street, Bronx, for a period of five years from December 1st, 1929." Plaintiff, claiming defendants in violation of the covenant opened a garage at the southeast corner of Jerome avenue and Van Cortlandt avenue, within a radius of less than ten blocks, has brought this action for injunction and damages, and seeks upon this motion to enjoin the defendants *pendente lite* from conducting such business and from soliciting plaintiff's customers or calling for or delivering automobiles to persons residing in the restricted area. Each side with its papers has submitted a map but no block dimensions are given thereon. From the papers submitted no decision as to distance or dimensions can be made. An examination, however, of the well-known Land Book of the Bronx, sections 9, 10, 11, 12 and 13, of the city of New York, G. W. Bromley & Co., 1928, shows that the measurements of the blocks surrounding plaintiff's garage vary from as little as 95.37 feet on Webster avenue between Two Hundred and First street and East Mosholu Parkway South, to as much as 594.4 feet on Marion avenue between Two Hundred and First and Two Hundredth streets. The standard block, of which there are at least three, is 227 feet. The standard width of avenues and streets is 60 feet. Even with the variable block lengths shown in the Bromley Land Book of the Bronx and the lack of dimensions and distances in the papers herein, it would be extremely difficult, if not practically impossible, to determine whether or not the garage complained of is within the restricted area. LEHMAN, J., writing the concurring opinion in the case of *Skolnick* v. *Orth* (84 Misc. 71), said: " The meaning of the term ' within a radius of five city blocks ' seems to me quite incapable of certain interpretation. To determine the sense in which the parties have used these words, we must put ourselves, so far as possible, in their position, and it seems to me that the process of exact reasoning and definition, however flawless it may be, by which the intent of the parties, as expressed in these words, has been arrived at, is not a process which would be employed by persons who combine a word denoting ' a circular limit defined by a radius of specified length ' with a measure of such variable length as a city block and furnishes no guide to their intention."

The case of *Skolnick* v. *Orth* (*supra*), in the majority opinion of PAGE, J., points out the method of measurement: " To ascertain the unit of measurement, we must adopt that block, the length of which is uniform with the length of other blocks in the same direction, otherwise we can derive no standard that was in the minds of the parties when they used the word ' block ' as a unit. When

thus considered, it becomes evident that the word ' block,' as here used, is synonymous with 260 feet, and the length of the radius of the circle is 1,300 feet."

Again considering the Bromley Land Book of the borough of The Bronx as a guide and taking 227 feet as the standard block, adding 60 feet as the standard street and avenue width, and multiplying the result by 10, we arrive at a radius of 2,870 feet. It appears by rough measurements, using the " maps " supplied on the motion and even the Land Book referred to for the purpose, that the defendants' garage is not within the restricted area. In coming to this stated conclusion, I do so solely to decide this motion, and have no intention of indicating law or method controlling upon the trial.

Considering the other branch of the relief sought, I am of the opinion that defendants should be enjoined from soliciting the old customers of the business sold by defendants to plaintiff. In addition, it appears that defendants have been soliciting new customers within the restricted area clearly contemplated by the parties. This solicitation includes the offer of taking and delivering, to and from the defendants' garage, the cars of customers. Assuming for the purposes of this motion, but not indicating that it will control at the trial, 2,870 feet to be the radius of the restricted circle or area, my opinion is that such solicitation should also be enjoined therein pending trial.

The motion will be denied except as to the latter branch, as to which it will be granted to the extent indicated. Settle order on notice.