GEORGE T. SAPRONES et al., Copartners Doing Business under the Name of SHERIDAN'S BAR AND GRILL, Plaintiffs, *v.* GEORGE KONTZAMANYS et al., Defendants.

Supreme Court, Special Term, Kings County, October 25, 1949.

*Peter J. Haberkorn* for plaintiffs.

*Harry H. Altman* for defendants.

HOOLEY, J. Plaintiffs seek judgment against the defendants enjoining and restraining them from violating the provisions of the restrictive negative covenant contained in the bill of sale to plaintiffs of a restaurant business at No. 347 Atlantic Avenue in the borough of Brooklyn.

The bill of sale contained the following provision wherein the defendant George Kontzamanys expressly covenanted: " And they hereby agree not to engage in the same business,

directly or indirectly in any capacity within a radius of five square blocks of the business for a period of eight years."

The sole question presented here is whether the defendants are doing business within " five square blocks " as prohibited by the covenant aforesaid.

In this case, it appeared that the plaintiffs paid $14,256 for the good will of the business and $4,000 for the fixtures.

The area of " five square blocks " within which the defendants agreed not to engage in business was certainly a reasonable prohibition when the amount paid for the good will is considered.

It is difficult to understand why so many sellers of business places, who are bound by restrictive covenants upon the sale of their business with respect to the territory in which they may not engage in business, insist upon opening a business so near the boundary line of the prohibited area that litigation results.

There is a difference of opinion among the courts as to the precise meaning of the phrase " a radius of five square blocks ". In *Skolnick* v. *Orth* (84 Misc. 71, 73) where there was involved the construction of the phrase " within a radius of five city blocks ", the court said: " Where parties to a contract have used a word that has a well defined and understood meaning it is presumed that they employed the word in the sense implied by that definition. The word ' radius ' means a straight line drawn from the center to the circumference of a circle; when applied to the limitation of space it means ' a circular limit defined by a radius of specified length.' Webster. Therefore when the parties to this contract used the words 'within a radius of * * * from the premises,' as a limitation of the territory within which the defendant was prohibited from engaging in the specified business, they set apart a territory within a circle having all points equally distant in all directions from the premises 131 St. Anns avenue."

In order to determine the radius the court in that case also had to determine the length of the blocks. Running in a northerly or southerly direction the blocks were 200 feet long separated by streets 60 feet wide. Running easterly and westerly they varied in length from 190 to 820 feet. The court said (p. 74): " To ascertain the unit of measurement we must adopt that block the length of which is uniform with the length of other blocks in the same direction, otherwise we can derive no standard that was in the minds of the parties when they used the word ' block ' as a unit."

The court then determined that the average measurement of a block was 260 feet and the length of the radius of the circle 1,300 feet.

That rule was followed in *Gru Corp.* v. *Right-In Garage* (137 Misc. 139). In *Silverman* v. *Brody* (65 N. Y. S. 2d 803) this court also applied the foregoing rule. However, in the latter case, the court found that even if the standard unit block rule were not used as the radius, but that five actual blocks in the area were measured in each direction, that the property involved was still outside the proscribed area.

In *Jacobs* v. *Patlis* (N. Y. L. J., Jan. 8, 1948, p. 92, col. 5), there was also involved a construction of the words " radius of five square blocks ". In that case the court was of the opinion that it should not follow a strict construction of the word " radius " as used in the foregoing cases. The court stated: " What then did they intend when they used the language set out in the covenant? I believe they used such verbiage in the same way any other simple folks would have used it. They meant what is commonly understood by the word ' block ', that if one went out of the store and walked five blocks in any direction that defendant could not do business within the area of the figure thus formed by the exterior boundaries of the distances walked."

A similar rule was applied in *Bernfeld* v. *Freedenberg* (125 Misc. 645–646) where the court said: " The intention was that the defendant should not engage in a similar line of business within the limits of any square block, *i.e.*, the territory defined by streets surrounding it, distant less than five from any part of the square block in which the plaintiffs' store is located."

Whichever rule is applied in this case the plaintiffs must fail. If the radius rule is to be applied, then taking the five blocks from Atlantic Avenue to Warren Street, which are standard 200 foot blocks, as the radius, and circumscribing a circle using the plaintiffs' place of business as the center thereof, the defendants' place of business falls outside the circle. If we apply the rule which was laid down in the cases of *Jacob* v. *Patlis* (*supra*) and *Bernfeld* v. *Freedenberg* (*supra*) then one five-block distance would run from Atlantic Avenue and Hoyt Street to Warren Street and Hoyt Street; the other would run from Atlantic Avenue and Hoyt Street to Atlantic Avenue and Henry Street. Defendants' place of business is clearly outside the line projected on a map from Warren and Hoyt Streets to Atlantic Avenue and Henry Street.

In view of the confusion which exists in the cases with respect to the interpretation of the phrase " a radius of five square blocks ", it would seem that attorneys should be diligent to avoid the use of such a phrase. It would be far better that a

proscribed area should be defined as within the bounds of A Street on the north, B Street on the east, C Street on the south, and D Street on the west, including both sides of each street. In this way the precise area is defined. In cities such as New York where there are so many uneven sized blocks, it is difficult to know in each case what is meant by the parties when they use the phrase aforesaid. By designating specific boundaries in each case the parties will make clear just what area is intended to be covered.

Judgment for defendants, without costs.