MARXMAN PIPES, INC., Appellant, *v.* COLUMBIA PICTURES CORP., Respondent.

First Department, December 21, 1954.

*Henry Amster* of counsel (*Henry Amster* and *Milton Lipson*, attorneys), for appellant.

*Ferdinand Pecora* of counsel (*Stuart G. Schwartz* with him on the brief; *Schwartz & Frohlich*, attorneys), for respondent.

*Per Curiam.* We do not hold that an action may never lie for disparagement of a product in the absence of an intent to injure. We do hold, however, that since the alleged disparagement is in reference solely to the price of plaintiff's product, a cause of action is not stated, at least in the absence of allegations that show the manner in which misstatement of the price accomplished disparagement of quality. Otherwise we would be devising a common-law price-fixing control in commerce.

Moreover, it is general experience that even products with a standard price, for reasons of distress, forced sale, price competition, reduction of inventories, and many other reasons that may come to mind, are sold at prices below — and sometimes well below — the standard. It just does not make sense that, because a price of a prop in an obviously fictional movie is stated to be lower, the quality is thereby necessarily lessened. Time, place, supply and demand, and, sometimes, accident, determine the prices of commodities in a free market. This plaintiff has alleged no actionable harm flowing from the free advertising it received in a nationally and successfully distributed motion picture.

The order appealed from should be affirmed, with costs to the respondent.

PECK, P. J. (dissenting in part). As I read the complaint in this case, the three causes of action, all arising out of the same event, may be respectively denominated a cause of action for prima facie tort, a cause of action for disparagement of plaintiff's product, and a cause of action in negligence. I would agree with the determination of the court that the complaint is not sufficient to state a cause of action either for prima facie tort or for negligence, but it seems to me sufficient to state a cause of action for disparagement of plaintiff's product.

The question presented by the opinion at Special Term and by the briefs and argument on this appeal is whether it is essential to such a cause of action to allege an intent to injure plaintiff, as would be necessary in the case of a prima facie tort

(*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79) or. whether a cause of action for disparagement of a product can be based on false and misleading statements made under circumstances which would lead a reasonable man to foresee the resulting prejudice to plaintiff's product and business, without allegations of an intent to injure.

The injurious consequence to plaintiff, of course, is the same whether the hurtful statement is actuated by actual malice or not. I see no reason why an actual intent to injure should be considered a necessary ingredient of the wrong. The *Advance Music* case illustrates the kind of case where intent to injure is the essence of a cause of action. There the defendant made no reference to plaintiff's product. The cause of action consisted of an intentional injury by an impression created, injurious to plaintiff's business, without mention of plaintiff's name or product. Indeed the alleged wrong consisted in not mentioning plaintiff. In the present case, however, defendant has taken plaintiff's product, held it up for public display, and made statements about it which were derogatory and prejudicial. On the broad principle of holding one responsible for the natural consequences of his act, it seems to me that defendant should be held accountable and that its intent is unimportant.

There is sound authority for this position (Restatement, Torts, §§ 625, 626; *Paramount Pictures* v. *Leader Press,* 106 F. 2d 229; Harper on Torts, § 276).

I do not regard the decision in *Stanger* v. *Sun Print. & Pub. Assn.* (181 App. Div. 245) as a compelling authority to the contrary. That was a case based upon an alleged negligent publication in a newspaper of a false report of a case of infantile paralysis at plaintiff's premises. The reference was only to an address, no mention was made of plaintiff's name, business or product, and the report did not relate to either the business or the product. Although the court stated that the complaint failed to state a cause of action for failure to state that the publication was made maliciously and with a willful intent to injure plaintiff's business, it appears as a fact, as the court observed, that the publication was merely a mistake. Because a newspaper should not be held for a mistaken news report where the cause of action is bottomed on negligence is no reason in my opinion why a business concern should similarly be freed from responsibility for deliberate statements about another's product where there is no element of mistake involved and where the obvious consequence is one of injury.

The opinion of the court, affirming the dismissal of the complaint, seems to agree with the views expressed herein as a legal proposition and to reject the basis upon which Special Term dismissed the complaint and the basis upon which that dismissal is sought to be upheld by defendant-respondent. Instead, it is ruled that because the alleged disparagement of plaintiff's product was not a direct reflection on quality but only by reference to the price — assigning it a value of 65¢ as against a regular price of $3 — a cause of action for disparagement is not stated.

The economic observations made in the opinion may or may not be pertinent to this case as disclosed at a trial, but I am unable to see that they are ground for a dismissal of the complaint on its face. Plaintiff may not be able to connect the alleged destruction of its business with the alleged disparagement of its product by defendant, but the complaint alleges as much and it seems to me to be sufficient as a pleading.

I dissent and vote to modify the order appealed from to deny the motion to dismiss with respect to the second cause of action.

Dore, Cohn, Breitel and Bastow, JJ., concur in Per Curiam opinion; Peck, P. J., dissents in part and votes to modify in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [See post, p. 872.]