Nicholas M. Pette, J.
Defendant moves for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice, or in the alternative for summary judgment pursuant to rule 113 of the Rules of Civil Practice, as amended, effective March 1, 1959.
The plaintiff holds a dealer franchise agreement with the defendant a copy of which is annexed to the moving papers. By that agreement, defendant agreed, that so long as the plaintiff complied with all the terms of said agreement, defendant “ will not own, operate, or franchise any retail store for the sale of Frozen Dairy Products within one-half mile in a metropolitan area or 2 miles in a suburban area in either direction on 28-28 Francis Lewis Boulevard, Bayside, L. I., N. Y.” (Par. 12, emphasis supplied.) The agreement further provided that said agreement is deemed to cover a metropolitan area.
The suit at bar arises out of the aforesaid agreement. The complaint sets forth three causes of action. The first cause of action is for a reformation of said agreement so as to alter plaintiff’s exclusive area of operation from one-half mile in either direction from 28-28 Francis Lewis Boulevard on Francis Lewis Boulevard, as stated in the aforesaid agreement, to a one-half mile radius from plaintiff’s store. This cause of action also, alleges a purported fraud by the defendant in representing that the meaning of said provision was a one-half mile radius from the store, and that defendant had taken a survey of plaintiff’s market on the basis of one-half mile in every direction from his store.
The second cause of action is predicated upon alleged unfair competition in that defendant allegedly permitted certain motor vehicles and bicycles to be in plaintiff’s area and vend Carvel products, allegedly in violation of said franchise agreement. Said vehicles, being owned by Carvehicles Corporation, an independent corporation, which franchises them out to individuals. The plaintiff alleges that defendant controls and owns the Carvehicle Corporation.
The third cause of action, is also in the nature of unfair competition and for damages of $10,000 by reason of defendant having allegedly permitted the Carvel product vended from said motor vehicles and bicycles to be of inferior quality.
The new rule 113 of the Rules of Civil Practice, effective March 1, 1959, provides that after issue has been joined any party to the action may move for summary judgment, and that *932 such motion shall he supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions, written admissions, etc. It requires, that the affidavit, by a person having knowledge of the facts must recite all the material facts, and it must show that there is no defense to the action or claim or that the action or claim has no merit, as the case may be; and it provides that the motion shall be granted if, upon all the papers and proof submitted, the action or claim or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment.
The defendant has interposed a general denial of the material allegations contained in the complaint as to all three causes of action, and in connection with a motion for summary judgment a “general denial” has been held to constitute a defense. (Levine v. Behn, 282 N. Y. 120.)
Plaintiff has served a bill of particulars, and the defendant has taken the deposition of the plaintiff as an adverse party upon an examination before trial. Copies of said bill of particulars and deposition, as well as the franchise agreement are together with the pleadings and affidavits, defendant’s moving papers.
It has been held that the existence of triable issues of fact is not established merely by the allegations of the plaintiff’s complaint; to defeat defendant’s motion, plaintiff must marshal his proof and by affidavits containing evidentiary facts establish the presence of triable issues. (Pribyl v. Van Loan & Co., 261 App. Div. 503.) If defendant has, in the first instance, made out a case for summary disposition, plaintiff is then called upon to assemble and reveal his proofs in order to show that the matters set up in the complaint were real and capable of being established upon trial. (May v. Prudential Ins. Co., 93 N. Y. S. 2d 579, 581.)
' In his answering affidavit plaintiff admits that the franchise agreement provides for a franchise for one-half mile “in either direction on 28-28 Francis Lewis Boulevard ” and that at the time he signed the agreement, he was represented by an attorney who was present, but who, he now asserts, did not advise him at the time of the restrictive- meaning of the language used in the franchise agreement, which he now states he then believed was a franchise for an area surrounding his store instead of only one-half mile in either direction on Francis Lewis Boulevard from his store.
The plaintiff on his examination before trial also admitted that he was represented by counsel at the time the franchise agreement was entered into and executed, and that the agreement *933 was examined by him and bis lawyer, and that prior to February 25, 1957, tbe day tbe agreement was signed, plaintiff bad no conversation witb defendant’s secretary, Mr. Shallis, nor did be meet or talk witb anyone from tbe defendant corporation prior to February 25, 1957. He testified that no one forced bim to sign tbe agreement, and that at tbe time of closing be made oral demand that tbe agreement be reformed. He also testified, that on a single occasion, be purchased a product from a “ Carvel ” vehicle and ate it; be stated that tbe product be sold tasted better than that be purchased from tbe truck, which be stated was inferior.
This court is satisfied from tbe foregoing that plaintiff was apprised of and understood tbe restrictive nature of tbe agreement at tbe time be executed tbe same, when be made an oral demand for its reformation before be signed it. Plaintiff’s testimony on bis examination before trial unequivocally contradicts tbe statement be makes in bis affidavit on this motion, that at tbe time be signed tbe agreement be believed tbe franchise was for an area surrounding bis store instead of only one-balf mile in either direction on Francis Lewis Boulevard from bis store. In tbe light of tbe plain and unambiguous language used in restricting plaintiff’s area of operation and bis testimony above referred' to, tbe court is of tbe opinion that bis contention witb respect to said restriction on this motion is specious and without merit, and is patently a crude effort to raise a nonexistent and feigned issue.
Tbe alleged false representation is that tbe defendant stated to plaintiff that according to tbe agreement which was examined by both plaintiff and bis attorney, before be executed and accepted the same, tbe plaintiff would have an exclusive franchise of a one-balf mile radius about bis store. On tbe face of tbe pleadings and tbe plaintiff’s testimony on bis examination before trial, it is palpably evident that there can be no actionable fraud in that any reliance on any such alleged statement would be clearly unreasonable since tbe agreement with its clear and unambiguous terms was before tbe parties and there was therefore no suppression of any facts. Tbe alleged fraud does not relate to any external fact; rather it relates to what tbe terms of tbe contract were. Furthermore, we must not lose sight of tbe fact that tbe plaintiff on bis examination before trial testified that at tbe time of tbe closing of tbe contract be made oral demand for tbe reformation of tbe agreement. Thus, it is further evident that tbe parties dealt at arms’ length, and tbe plaintiff cannot now be heard to complain.
*934 There can be no doubt that the phrase “.either direction” is clearly of a different meaning than radius. The phrase is not the same as the area within a circle around the particular store, as the center. (See Silverman v. Brody, 65 N. Y. S. 2d 803; Skolnick v. Orth, 84 Misc. 71.)
The fatal defect to the sufficiency of the cause of action for reformation is that on its face it fails to state a misrepresentation that the plaintiff could legally justifiably rely upon. Nowhere is it alleged that the defendant stated that the exclusive area was a one-half mile radius; nor is there any allegation that defendant represented that the contract contained a provision other than the ‘ ‘ either direction ” provision. In essence the alleged fraud goes to the meaning of the provision, but the provision is not ambiguous or vague. By the exercise of reasonable intelligence plaintiff would have realized that the terms of the contract did not call for a radius franchise. Under these circumstances the complaint clearly fails to state a cause of action in that on its face the plaintiff’s reliance upon the purported misrepresentation was unreasonable. (Hill v. Wek Capital Corp., 4 A D 2d 615; Sylvester v. Bernstein, 283 App. Div. 333, 336.)
The court is of the opinion that there is no merit to plaintiff’s cause of action for reformation, and that defendant is entitled to summary judgment dismissing the same.
The second cause of action is based on allegations that plaintiff has seen bikes and vehicles with the name “ Carvel ” within a one-half mile radius of plaintiff’s store, and that he saw the cycle operator selling Carvel ice cream in that area during the month of May, 1958. On the basis of said bare allegations plaintiff alleges unfair competition in violation of his exclusive franchise and seeks to have defendant restrained from permitting such bicycles and vehicles within his area.
The doctrine of unfair competition cannot be applied to such a factual situation having nothing in common with the law of unfair competition. There is no claim of “ deception practiced on the public to the detriment of those whose skill and energy have produced in their product a standard of quality found desirable by the consuming public,” which is the “ essence of unfair competition.” (Schweizerishe Kaeseunion Bern v. Saul Starch, Inc., 162 Misc. 485, 486.) Nowhere is there any claim that defendant is a competitor of plaintiff taking unfair and unconscionable advantage of the plaintiff. (See Avon Periodicals v. Ziff-Davis Pub. Co., 282 App. Div. 200.) The parties here are not in competition. The plaintiff is a distributor of the defendant’s products; not a competitor.
*935 There is no claim of collusion by defendant with third parties in competition with plaintiff and, therefore, there cannot even be a claim that defendant is “ aiding unfair competition.” (2 Callmann, Unfair Competition and Trade-Marks [2d ed.], § 64.3, p. 961.) Furthermore, plaintiff’s exclusive franchise does not cover or touch upon Carvel bikes and vehicles. The agreement specifically states: “ retail store for the sale of Frozen Dairy Products ”. Clearly plaintiff’s franchise relates to a retail store within the area. Plaintiff’s claims are against bicycles and vehicles. The complaint must fall under the express terms of the agreement, since defendant never agreed not to permit or allow bikes and vehicles within plaintiff’s area. In the franchise agreement, ‘ ‘ the intention which the parties have formulated in its written language ” (Lehman, J., in Wirth Hamid Fair Booking v. Wirth, 265 N. Y. 214, 219), clearly limits the exclusive franchise to retail stores within the designated area. The foregoing apply with like force to plaintiff’s alleged complaint relating to the alleged advertisement inserted by defendant in the Long Island Star Journal for home deliveries.
The third cause of action directed to a purported sale of a Carvel product on a single occasion by a truck during a rainstorm when the product was not covered, cannot be considered as unfair competition, since there is here also no unconscionable competition or deception practiced on the public. The complaint is not directed against the use of the name “ Carvel” by the truck. Such a claim would be clearly without merit since plaintiff has no proprietary right in the name or the product as such. If any one has a property interest in the name or the product it is the defendant.
In cases of unfair competition involving an identical or similar name used, the owner of the name or product has been the plaintiff and the defendant has always been an interloper who has used the name or product without permission or in relation to an inferior product. (See Knox Hat Co. v. Self-Service Millinery Stores, 138 Misc. 124; Marxman Pipes v. Columbia Pictures Corp., 285 App. Div. 135.)
Plaintiff’s claim of inferior quality Carvel products is patently invalid and insufficient. His claim, as developed in his examination before trial, that on one occasion he saw Carvel ice cream sold by a truck in the rain without a cover, cannot make the product inferior. On the facts alleged by plaintiff, this is not a case of selling an inferior quality product under a misleading or deceptive name. (Cf. Schweiserishe Kaeseunion Bern v. Saul Starck, Inc., 162 Misc. 485, supra). The third cause of action is clearly insufficient at law. The acts the plaintiff com *936 plains of and which form the gravamen of his canses of action do not constitute unfair competition nor can the acts complained of be imputed to the defendant.
Accordingly, upon all the papers and proof submitted, this court is of the opinion that the defendant has established defenses to all three causes of action, and that as a matter of law, there being no merit to plaintiff’s causes of action, the defendant is entitled to summary judgment dismissing all three causes of action. Plaintiff has failed to show any facts sufficient to require a trial of any genuine issue of fact.
Defendant’s motion for summary judgment is in all respects granted. Submit order.