Joseph A. Suozzi, J.
This is a motion by the defendant for summary judgment dismissing the complaint, and for an order granting such judgment on its counterclaim. The action was instituted by the plaintiff to rescind a written contract for the purchase of real property on the ground that the plaintiff ‘‘ Upon information and belief * * * did not possess sufficient mind to understand the nature and effect of said agreement and * * * was mentally incompetent” at the time of signing the contract. The defendant has counterclaimed for specific performance of the agreement.
The rule has always been that to defeat a motion for summary judgment, evidentiary facts, not surmise, conjecture or suspicion, must be shown (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 63). “The very object of the motion * * * is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial ”(Richard v. Credit Suisse, 242 N. Y. 346, 350). The proof offered by *337 affidavit or otherwise must disclose the presence of a genuine triable issue rather than a formal, feigned, perfunctory or shadowy one (Schillinger v. North Hills Realty Corp., 15 A D 2d 539, 540). The remedy would serve no useful purpose if frivolous and transparently insufficient proof were held to create a triable issue (Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659).
The onus is on the party resisting the motion to assemble, lay bare and reveal his proof to show that his claim is real and capable of being established at trial (Di Sabato v. Soffes, 9 A D 2d 297, 301; Iannarelli v. Carvel Stores of N. Y., 18 Misc 2d 930, 932). In the absence of an apparent genuine and substantial issue of fact, the court may and should dispose of the matter upon the law and direct judgment accordingly (Ball v. United Artists Corp., 13 A D 2d 133, 135-136).
The application of the foregoing principles of law to the case at bar necessitates the granting of the defendant’s application. The allegation that the plaintiff lacked mental competency at the time of signing the contract is made upon information and belief, and is completely unsupported and wholly uncorroborated by any evidentiary facts, medical or otherwise.
The plaintiff in opposition to the motion states by affidavit that “ Prior to the making of the contract, your deponent had been under the care of a psychiatrist because of a depressed status from June until August, 1961 when my status changed to one of elation. At the time of making of the contract [September 23,1961], I was so overcome by my elated condition that I did not fully understand the nature and effect of the contract nor have the mental capacity to see things in their true relations nor was I mentally capable of transacting the negotiations”. This bald and conclusory statement constitutes the sum and substance of the plaintiff’s averment. Something more concrete and evidentiary in nature is required before an arguable or even doubtful triable issue is raised.
The defendant, on the other hand, shows by the plaintiff’s admission on his examination before trial that he was actively engaged in his own business immediately before and after the signing of the contract. The record also discloses that soon after the contract was signed, the plaintiff commenced building a foundation for the proposed building on the property. In addition, he erected a sign announcing the new structure; made application for bank financing; hired an architect and filed building plans. It may be that the plaintiff regretted his bargain or was mistaken in his appraisal thereof, but in the absence of any allegation of fraud or overreaching, the court cannot relieve *338 him thereof, and cannot find that triable factual issues are presented by the record.
The motion is granted in all respects. The plaintiff’s complaint is dismissed, and the judgment for the defendant is granted on its counterclaim.