■ In the Matter of GERALD E. GRIFFIN, Respondent-Appellant, v VARFLEX CORPORATION, Appellant-Respondent.—Judgment unanimously modified, and, as modified, affirmed, with costs to petitioner, in accordance with the following memorandum: In the absence of a showing in behalf of respondent corporation that a successor to petitioner as a director thereof has been elected, petitioner continues as such director (Business Corporation Law, § 703, subd [b]). As such he has an absolute right to inspect the books and records of the corporation *(Matter of Cohen v Cocoline Prods.,*

309 NY 119, 123), barring a claim of circumstance that his action is inimical to the interests of the corporation. Moreover, this is a close corporation of which petitioner is owner of one third of the shares. As such he is entitled, in the circumstances of this case, to inspect the books and records of the corporation, in the absence of a showing that his application is inimical to the interests of the corporation *(Matter of Waldman v Eldorado Towers,* 25 AD2d 836; *Matter of Pearson,* 223 NYS2d 15; *Hughey v Du Bois Press,* 37 NYS2d 343). We agree with Special Term that there is no merit to respondent's allegation that petitioner's application is contrary to the interests of the corporation. Moreover, we find no reason why petitioner should not be permitted to make photocopies of the specified records and documents in accordance with his petition, in which respect Special Term denied the application. Special Term's judgment is modified to permit such photocopying and, as modified, is affirmed. (Appeals from judgment of Oneida Supreme Court—art 78; Business Corporation Law, § 624.) Present—Schnepp, J. P., Callahan, Doerr and Witmer, JJ.