DARBY DRUG CO., INC., Plaintiff,

v.

Herbert ZLOTNICK, Richards Laboratories, Inc., and Professional Nutrition Corporation, Defendants.

No. 83 Civ. 1624.

United States District Court, E.D. New York.

Oct. 31, 1983.

Salon, Marrow, Dyckman & Trager, New York City, for plaintiff; Leslie Trager, New York City, of counsel.

Alexander & Green, New York City, for defendants; Robert E. DeRight, Jr., New York City, of counsel.

BARTELS, Senior District Judge.

In this diversity action defendant Zlotnick moves to dismiss the first of three causes of action in the amended complaint on the ground that the court lacks *in personam* jurisdiction, Fed.R.Civ.P. 12(b)(2).[1] Plaintiff Darby Drug Co., Inc. ("Darby") is a New York corporation. Barth-Spencer Corp. ("Barth-Spencer") is a division of Darby and markets vitamins to retailers and consumers through mail-order catalogs. Zlotnick is a Florida resident and was Chief Executive Officer, Chairman of the Board and a major shareholder of Barth-Spencer until Darby acquired it in June, 1981. Since then Zlotnick has headed two Florida-based Delaware corporations, Richards Laboratories, Inc. ("Richards") and Professional Nutrition Corp. ("Professional Nutrition"), also engaged in the mail-order vitamin business.

In its first cause of action plaintiff alleges that prior to June, 1981 and in New York, Zlotnick copied certain customer mailing lists compiled and maintained by Barth-Spencer and that he retained those copies for personal use after he left Barth-Spencer. The complaint also alleges that Professional Nutrition subsequently used the lists without authorization to solicit customers by mail.[2] It appears from the complaint that some of the mailings by Professional Nutrition in Florida were received by New York addressees.

The question presented by this motion is whether Zlotnick's alleged copying and retention of the mailing lists constitute "a tortious act within the state" under § 302(a)(2) of New York's long-arm statute, N.Y.Civ.Prac. Law and Rules § 302 (McKinney 1972 & Supp.1982).[3] Darby

---

1. Zlotnick does not contest personal jurisdiction as to the remaining causes of action for misappropriation of corporate opportunity and breach of fiduciary duties.

2. On June 28, 1983, the court dismissed all three causes of action against Richards and Professional Nutrition for lack of *in personam* jurisdiction. At that time the court gave Darby an opportunity to amend its complaint as against Zlotnick, but the amended complaint thereafter

submitted retained Richards and Professional Nutrition as defendants. The court finds no reason to depart from the June 28th ruling and hereby reaffirms it.

3. N.Y.Civ.Prac.Law and Rules § 302 (McKinney 1972 & Supp.1982), entitled "Personal jurisdiction by acts of nondomiciliaries," provides in pertinent part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the

does not claim jurisdiction on the ground that Zlotnick and Professional Nutrition used the copied lists in Florida to solicit customers in New York. Consequently, the application of § 302(a)(3)—covering torts committed outside the state causing injury within the state—is not involved.

Darby argues that Zlotnick committed a tort within New York the moment he retained the copied lists for a non-corporate purpose. In other words, Zlotnick's alleged wrongful intent serves as the key element in establishing a tort. Had Darby learned of Zlotnick's activities at the time, it contends, it could have obtained injunctive relief prior to any unauthorized use of the mailing lists.

Zlotnick's position, on the other hand, is that absent an allegation of the use in New York of the copied lists, the mere allegations of copying and retention fail to constitute a "tortious act within the state." Moreover, Zlotnick argues that the alleged copying and retention of the lists caused Darby no damages and thus there is no basis for a tort claim. Finally, Zlotnick contends that as an officer and Chairman of the Board of Barth-Spencer he had an absolute right under New York law to copy and retain corporate documents as long as he did not improperly use or disseminate them.

## DISCUSSION

■ Darby's cause of action arises from the protection afforded under the law of trade secrets. It is generally recognized that New York tort law gives customer mailing lists trade secret protection under certain circumstances. *See Town & Country House & Home Service, Inc. v. Newbery*, 3 N.Y.2d 554, 147 N.E.2d 724, 170 N.Y.S.2d 328 (1958); *Witkop & Holmes Co. v. Boyce*, 61 Misc. 126, 112 N.Y.S. 874 (Sup.Ct.1908), *aff'd*, 131 App.Div. 922, 115 N.Y.S. 1150 (1909); G. Alexander, Commercial Torts § 3.4, at 216 (1973); W. Prosser,

Law of Torts § 130, at 957 (4th ed. 1971); 28 A.L.R.3d 7, 122 (1969). Affidavits from two Barth-Spencer employees attest to the expenditure of substantial resources in compiling, maintaining and safeguarding the Barth-Spencer mailing lists. *See Witkop & Holmes Co. v. Boyce*, 61 Misc. at 131, 112 N.Y.S. at 878. For the purposes of this motion it is assumed that the Barth-Spencer mailing lists constitute trade secrets.

■ Those affidavits also reveal, however, that the employees responsible for safekeeping the lists gave them to Zlotnick precisely because of his preeminent position in the company. It can hardly be said that Zlotnick, in simply taking the lists under such circumstances, committed a tort. There was nothing improper in his conduct because a corporate officer and director such as Zlotnick has a right of access to corporate documents, subject to fiduciary obligations not to wrongfully use or disseminate them. *See Dusel v. Castellani*, 43 A.D.2d 799, 350 N.Y.S.2d 258 (1973); *Maidman v. Central Foundry Co.*, 27 A.D.2d 923, 279 N.Y.S.2d 365 (1967); 1 R. Milgrim, Trade Secrets § 5.03[6] (1981). Had Zlotnick simply memorized the names of customers, it could hardly be said that he thereby acted tortiously. That he committed those names to paper does not add any element crucial to the establishment of a tort. The only additional factor which Darby relies upon to describe a tort is its allegation of wrongful purpose in copying the lists. We find no principle of tort law which designates wrongful purpose alone as a tort. Plaintiff's allegation of wrongful purpose cannot infuse a tortious character into otherwise non-tortious conduct under these circumstances.

Accordingly, we hold that the complaint fails to allege a tortious act within the state under § 302(a)(2) since it does not claim unauthorized use of the mailing lists by Zlotnick in New York. *See Heyman v.*

---

acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

....
   (2) commits a tortious act within the state
....

*Ar. Winarick, Inc.*, 325 F.2d 584 (2d Cir. 1963) (applying New York law and affirming dismissal of complaint where plaintiff failed to prove that defendant used the customer information given it by plaintiff); Restatement (First) of Torts § 757 (1939) (liability for unprivileged use or disclosure of trade secrets); *cf. Sterling Television Presentations v. Shintron Co.*, 454 F.Supp. 183 (S.D.N.Y.1978) (no jurisdiction under § 302(a)(1) for misappropriation of trade secret where unauthorized use occurred in Massachusetts).

We reject Darby's argument that had it learned of the alleged copying at the time it could have, without more, obtained an injunction against their use and ordering Zlotnick to return them, because it assumes a set of facts not before the court. On the facts assumed it is highly improbable that Darby could have obtained a preliminary injunction because at that point it would have been impossible to demonstrate irreparable harm and a serious question going to the merits of the case much less a likelihood of success on the merits. *See Jack Kahn Music Co. v. Baldwin Piano and Organ Co.*, 604 F.2d 755, 758 (2d Cir.1979).

For the reasons stated above, Zlotnick's motion to dismiss Darby's first cause of action is hereby granted.

### Transfer

The second and third causes of action, not involving challenges to personal jurisdiction, charge Zlotnick with breaches of his fiduciary duties in connection with his alleged purchase of Richards while still acting as Chief Executive Officer of Barth-Spencer. Zlotnick moves to transfer these remaining claims to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

He contends that transfer to Florida is warranted because (a) all three defendants are present and amenable to process there, (b) Richards' previous owner (Richard Greene) resides in Florida where he and Zlotnick negotiated, (c) documentary evidence relating to the acquisition is located in Florida, and (d) Darby does business and maintains a distribution center in Florida.

Darby makes its strongest argument against transfer upon the basis that its first cause of action is retained in this court. However, as determined above, this cause of action has been dismissed. Darby's remaining argument against transfer rests primarily on the ground that Darby's New York-based witnesses (Darby's president "and other senior officers") outnumber Zlotnick's Florida-based witnesses (Zlotnick and Greene).

■ The burden rests upon the defendants to justify disturbing the plaintiff's choice of forum. *Allegaert v. Warren*, 480 F.Supp. 817, 821 (S.D.N.Y.1979). In determining whether transfer is warranted, the court "has great discretion to consider whatever factors it chooses ...." *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F.Supp. 563, 565 (S.D.N.Y.1979). Among the generally recognized factors are convenience to the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, where the case can be tried more expeditiously and inexpensively, and, in diversity suits, which forum state's law will govern the case. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F.Supp. at 565.

■ Under the present circumstances, the court finds that transfer to the Southern District of Florida is not warranted. Zlotnick has not demonstrated that the burden of inconvenience falls heavier on himself and his sole nonparty witness than on Darby and its witnesses. Section 1404 is not designed simply to shift inconvenience from one party to the other. C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3848, at 246 (1976). In view

of the court's familiarity with the remaining issues which will be governed by New York law, transfer to the Southern District of Florida will not expedite the trial of this case. Accordingly, defendant Zlotnick's motion to transfer is hereby denied.

SO ORDERED.