**In re LEIBINGER–ROBERTS, INC., Debtor.**

**No. 88 CV 2641.**

United States District Court, E.D. New York.

Oct. 14, 1988.

---

Finkel, Goldstein, Berzow & Rosenbloom, New York City, for Wayne Fulton.

Haight, Gardner, Poor & Havens, New York City (Donald T. Kennedy, Oliver Edwards, Alan Helblock, of counsel), for Gunther Leibinger and Paul Leibinger/GmbH & Co.

Kronish, Lieb, Weiner & Hellman, New York City (Joel Lewittes, Adam Harris, of counsel), for Leibinger–Roberts.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Appellant Wayne Fulton ("Fulton") applies to this Court for a stay pending appeal of an order of the Bankruptcy Court which required Appellant to release for inspection the books and records of Debtor Leibinger–Roberts, Inc. ("LR") to Appellee Gunther Leibinger ("Leibinger"). The purpose of the Bankruptcy Court's order was to enable LR to use the books and records to prepare a plan of reorganization pursuant to section 1123 of the Bankruptcy Code. *See* 11 U.S.C. § 1123 (1982).

## FACTS

In January 1988, Appellant Fulton, the chief executive officer, president and 49% shareholder of debtor LR, informed Appellee Leibinger, the chairman of the board of directors and 51% shareholder of LR, that LR was in serious financial trouble and in danger of being forced into bankruptcy. Based on Fulton's representations, LR's board of directors (which Leibinger controls) resolved that LR file a petition for relief from its creditors under Chapter 11 of the Bankruptcy Code ("Code"). On March 7, 1988, the petition was filed with the Bankruptcy Court; and LR was thereafter authorized to continue managing its properties and conducting business through the board of directors as a debtor in possession pursuant to sections 1107 and 1108 of the Code.

On or about April 28, 1988, Paul Leibinger GmbH & Co, KG ("KG"), Leibinger's German manufacturing facility, expressed an interest in purchasing LR and in assuming its liabilities but only if it could first inspect the books and records of LR. After several months of negotiations, Fulton entered into a stipulation and inspection order with Leibinger and KG, which was thereafter "So Ordered" by Chief Bankruptcy Judge Duberstein on August 6, 1988. The inspection order provided that Leibinger and KG could conduct a limited inspection commencing on August 15 and ending on August 19. Furthermore, the order included a broad confidentiality agreement executed by Leibinger and KG assuring Fulton that any information learned during the inspection would not be disclosed to third parties. This agreement was necessary to allay Fulton's concern that Leibinger and KG would use the information to advance their own interests and destroy LR.

Despite the above-mentioned assurances by Leibinger and KG, Fulton refused to permit the inspection that was to start on August 15. Consequently, a hearing was held before Judge Duberstein on August

18, 1988 to determine the grounds for Fulton's actions. Fulton argued that the inspection should not be permitted because Leibinger and KG would only exploit LR.

Leibinger and KG responded that the parties had reached a confidentiality agreement that took care of the problem. In addition, Leibinger and KG argued that the management of the affairs of LR, acting as a debtor in possession, was still the responsibility of the board. Thus, Fulton, the chief executive officer and president was required to follow the directions of the board, and, therefore, to make available the books and records. Based on these facts and representations, Judge Duberstein at the conclusion of the hearing directed Fulton to produce all of LR's books and records for inspection by Leibinger (acting as a director of LR and a representative of KG) and LR's counsel.

Despite Judge Duberstein's order, Fulton still refused to permit the inspection. In response, debtor LR filed a contempt motion seeking an order, *inter alia*, (1) holding Fulton in contempt, (2) directing Fulton to produce the documents, and (3) prohibiting Fulton from interfering with the inspection.

Judge Duberstein heard this motion on August 23, 1988. Again Fulton alleged, without producing any evidence, that Leibinger and KG planned to steal proprietary information and use it to destroy LR. This was the third time Fulton made such allegations in the bankruptcy proceeding without proferring, much less introducing, any evidence to support these allegations. Judge Duberstein, having heard Fulton's arguments before, reiterated his conclusion that debtor LR, meaning its board of directors and those who are members thereof, are entitled to inspect LR's books and records for the purpose of drafting and proposing a plan of reorganization. On August 24, 1988 the Bankruptcy Court entered an order to that effect. It is that order which Fulton now seeks to have stayed pending appeal.

## DISCUSSION

The first issue that this Court must necessarily consider is a jurisdictional question —whether appellant Fulton has a right of appeal from the bankruptcy court to the district court. A district court has appellate jurisdiction over bankruptcy court decisions if the bankruptcy court order or judgment is final or if the district court grants a leave to appeal from an interlocutory order or decree. 28 U.S.C. § 158(a) (1987).

*Final Orders*

Unlike the usual interpretation of final orders or judgments, *see, e.g., Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) (a final decision must generally be "one that ends the litigation and leaves nothing for the court to do but execute the judgement"), a final order in the bankruptcy court is the resolution of a particular proceeding or controversy within the entire bankruptcy proceeding or an order that irrevocably decides a dispositive issue of law or the rights of any party. *See In re Chateaugay Corp.*, 80 B.R. 279, 282–83 (S.D.N.Y.1987); *In re Johns–Manville Corp.*, 39 B.R. 234, 235 (S.D.N.Y.1984). Orders considered final have included, among others, an order disallowing an exemption because it conclusively determined whether an asset was part of the estate, *see In re Jones*, 768 F.2d 923, 925 & n. 3 (7th Cir.1985); an order dismissing the objection to the discharge of the bankrupt, *see In re Riggsby*, 745 F.2d 1153, 1154 (7th Cir.1984); an order determining a priority dispute, *see In re Saco Local Development Corp.*, 711 F.2d 441, 445–46 (1st Cir.1983); and an order granting relief from an automatic stay unless a cash payment provided creditors adequate protection for the loss of their collateral, *see In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 901–02 (11th Cir.1982).

On the other hand, courts have considered as interlocutory bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets. These are appealable only by leave of the district court. *See, e.g., In re American Colonial Broadcasting*, 758 F.2d 794, 801 (1st Cir. 1985) (order authorizing special master to

negotiate sale of assets is not final); *In re Tidewater Group, Inc.*, 734 F.2d 794, 796 (11th Cir.1984) (order denying application for approval of settlement agreement is interlocutory); *Maiorino v. Branford Sav. Bank*, 691 F.2d 89, 90 (2d Cir.1982) (orders denying confirmation of Chapter 13 plan is interlocutory); *In re Kutner*, 656 F.2d 1107, 1111 (5th Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982) (order finding that trustee was not a party in interest under Chapter 13 is interlocutory).

■ In the instant case, the question is whether the bankruptcy court's order enabling the preparation of a reorganization plan is final. A section 1123 reorganization plan is the linchpin of the entire Chapter 11 bankruptcy proceeding. Its submission to the bankruptcy court, the debtor's creditors, and the debtor's stockholders, essentially begins the reorganization of a corporation under Chapter 11. The subsequent evaluation of and adjustment to the plan leads, it is hoped, to the implementation of the plan and thus the continued existence of the corporation. Based on this rationale, I find that Judge Duberstein's order was not final and, therefore, not appealable as of right because it decided only a preliminary issue that did not determine the outcome of the proceeding nor irrevocably decide a dispositive issue of law or the rights of any parties.

*Interlocutory Orders*

■ The next issue is whether this Court should grant Fulton leave to appeal an interlocutory order of the Bankruptcy Court. Fulton's notice of appeal from the Bankruptcy Court's order, however, did not include a motion for leave to appeal as required by Bankruptcy Rule 8001(b). Nevertheless, when an appeal is improperly taken because the required motion for leave to appeal has not been filed, Rule 8003(c) permits the court to "consider the notice of appeal as a motion for leave to appeal." The Court will therefore deem the notice of appeal as a motion for leave to appeal.

■ The statutes and rules do not provide a standard for evaluating the merits of a motion for leave to appeal interlocutory bankruptcy court orders. It has been recognized, however, that the decision is within the district court's discretion and the standards set forth in 28 U.S.C. § 1292(b) are to be considered. *See In re Johns–Manville Corp.*, 39 B.R. 234, 236 (S.D.N.Y. 1984). That section permits interlocutory appeals of district court orders to the courts of appeal when the order "invokes a controlling question of law as to which there is substantial ground for difference of opinion and [when] an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b) (1982).

Appellant Fulton argues that, based on the above standards, leave to appeal should be granted. I disagree. The issue before the bankruptcy court was whether a corporation's board of directors has the right to inspect that corporation's books and records. That issue is well settled law in New York, *see Darby Drug Co., Inc. v. Zlotnick*, 573 F.Supp. 661, 663 (E.D.N.Y. 1983); *Cohen v. Cocoline Products, Inc.*, 309 N.Y. 119, 123, 127 N.E.2d 906, 907 (1955); *Brenner v. Hart Systems, Inc.*, 114 A.D.2d 363, 366, 493 N.Y.S.2d 881, 883–84 (2d Dep't 1985), and, therefore, substantial ground for difference of opinion does not exist.

Appellant would argue that this is not the issue the Court should consider. Rather, appellant contends that the issue is whether an alleged hostile or adverse director who controls the board of directors should be permitted to inspect that corporation's books and records. Even if appellant's assessment of Leibinger's motive is accurate, a board member still retains his right of inspection despite allegations that the director is a competitor, adverse or hostile to the corporation. *See Brenner*, 114 A.D.2d at 366, 493 N.Y.S.2d at 884; *Dusel v. Castellani*, 43 A.D.2d 799, 799, 350 N.Y.S.2d 258, 259 (4th Dep't 1973). Thus, leave to appeal on this issue is inappropriate and would serve only to delay the bankruptcy proceeding.

Nonetheless, even if this Court were disposed to grant leave to appeal, appellant's request for a stay pursuant to Rule 8005 would be denied and the Bankruptcy Court's order would be affirmed.

■ The standard required for issuance of a stay pending appeal in this district is based on consideration of the following factors: (1) the likelihood that the party seeking the stay will prevail; (2) the prospect of irreparable harm to the moving party if the stay is not granted; (3) the relative certainty that no substantial harm will come to the other party if the stay were issued; and (4) the relative absence of harm to the public interest if the stay were granted. *See In re Cretalla,* 47 B.R. 382, 383–84 (E.D.N.Y.1984); *In re Parr,* 1 B.R. 453, 455 (Bankr.E.D.N.Y.1979). These factors are not necessarily given equal weight but instead are only to be used as guidelines in determining whether to issue the stay. *See In re Great Barrington Fair & Amusements, Inc.,* 53 B.R. 237, 239 (Bankr.D.Mass.1985); *In re Howley,* 38 B.R. 314, 315 (Bankr.D.Minn.1984); *In re Smith,* 34 B.R. 144, 146 (Bankr.D.Vt.1983).

■ Appellant has failed to establish that any of these factors cut in his favor. The first factor, whether Fulton would prevail on the merits, has already been discussed—that a president of a corporation cannot deny a director the right to inspect despite allegations that the director is not acting in the corporation's interest. Thus, Fulton has no likelihood of success on the merits.

As to the second factor, Fulton contends that if the stay is not granted, he and LR will be irreparably harmed. Fulton asserts that if Leibinger is given access to LR's books and records, he will use the information for his own and KG's benefit and attempt to destroy LR. Fulton's claim, however, is not new. It has been the subject of a 31 month arbitration proceeding and an action in a New York State court for an injunction. In both instances, Fulton's claim was dismissed because it lacked factual support. Yet, Fulton sees fit to raise this issue again before the bankruptcy court and this Court. The bankruptcy judge, who was eminently patient with Fulton, found that the claim was without merit based on the fact that Fulton failed to offer a scintilla of evidence indicating that Leibinger will exploit LR. Fulton offers this Court no reason to upset this finding.

Nonetheless, even if this Court were to assume Fulton's allegations to be true, Fulton's injuries would not be irreparable. Available to Fulton would be a cause of action against Leibinger if he were found guilty of misconduct or waste pursuant to B.C.L. § 720. In addition, Fulton would have recourse against Leibinger if he breaches the Confidentiality Agreement.

As to the third and fourth factors, I find that if a stay were granted, there would be a significant possibility of harm to the creditors of LR and the public in general. A stay would harm the creditors because it would delay the implementation of a plan which already anticipates no impairment to creditors claims. Similarly, a stay would be adverse to the public interest because it would serve only to delay the implementation of a possibly successful plan and the continued existence of a corporation.

Based on the Court's consideration of these factors, appellant's request for a stay would be denied.

■ Finally, even if this Court granted leave to appeal, the order of the Bankruptcy Court would be affirmed. It is well settled law that a director has the right to inspect the corporation's books and records. *See Darby,* 573 F.Supp. at 663; *Cohen,* 309 N.Y. at 123, 127 N.E.2d at 907; *Brenner,* 114 A.D.2d at 366, 493 N.Y.S.2d at 883–84. A director retains this right despite allegations that he is hostile, adverse or a competitor of the corporation. *See Brenner,* 114 A.D.2d at 366, 493 N.Y.S. 2d at 884; *Dusel,* 43 A.D.2d at 799, 350 N.Y.S.2d at 259. Thus, the Bankruptcy Court's order requiring Fulton to make the books and records available to Leibinger for inspection was proper.

### CONCLUSION

For the foregoing reasons, the Court (1) dismisses Appellant Fulton's Notice of Ap-

peal; (2) denies his motion for leave to appeal; and (3) denies his application for a stay pending appeal.

SO ORDERED.