Jacob Markowitz, J.
In this action for the collection of attorney’s fees against a religions corporation, plaintiff has moved under rule 103 of the Buies of Civil Practice to strike certain provisions of the answer as sham, frivolous, irrelevant and unnecessary. Defendant has cross-moved for summary judgment.
*523 It appears that plaintiff in April of 1954 was retained by one Archbishop James Toombs, “ as ruling Archbishop of the Eastern Orthodox Catholic Church in America and as Chairman of its Board of Trustees” as attorney for “the said religious corporation in all its affairs including commencement of a Supreme Court action or whatever other legal action is necessary to protect the interests of said corporation in the matter of insubordinate clerics with which you are familiar.”
An action for declaratory judgment was thereupon commenced in this court. The complicated circumstances and pertinent facts on which that action was based and which have a direct bearing on the present case are fully set forth in the opinion of Mr. Justice Walter in that case and need not be repeated here (Eastern Orthodox Catholic Church in America v. Adair, 141 N. Y. S. 2d 772). Suffice it to say, it was determined by the court that contrary to Archbishop Toombs’ contention (1) the Eastern Orthodox Catholic Church in America is not and never was affiliated with or subject to the Russian Orthodox Church Outside of Russia, (2) that Archbishop Toombs is not a bishop of the former church and has not been since, having accepted consecration as a bishop of the latter, and has been lawfully removed from all the offices he held in the former, and (3) that the various defendants whose removal he sought to effect were rightfully identified with the aforesaid Eastern Orthodox Church and were not under his canonical supervision (p. 785). This determination was subsequently upheld on appeal (3 A D 2d 826, motion for leave to appeal and cross motion to dismiss motion for leave to appeal denied 3 NY 2d 707, 3 N Y 2d 920).
It is defendant’s contention on these motions that despite the fact that the previous action was technically brought in its name, the ultimate decision therein conclusively determined that plaintiff here must look to Toombs for compensation since Toombs was without authority to retain him on its behalf.
It is clear that plaintiff’s rights in this action stand or fall on whether or not Toombs might have had such authority. In this regard it is significant that although it was held by the court in the earlier action that Toombs’ status as an ecclesiastical authority of the defendant church ended when he was consecrated as a bishop in another church, he was not removed as a trustee until January, 1.955, nine months after his retainer of the plaintiff as attorney.
It is recognized that a corporate executive may have a general right to employ attorneys (see Matter of Bernheimer, 4 Misc 2d 503, affd. 266 App. Div. 868; 1 White, New York Corpora *524 tions, p. 617), but an individual trustee of a religious corporation is clearly not so empowered (Religious Corporations Law, § 5).
Only when acting as a board may trustees of religious corporations perform or authorize acts binding on the corporation (People’s Bank v. St. Anthony’s R. C. Church, 109 N. Y. 512; Columbia Bank v. Gospel Tabernacle Church, 127 N. Y. 361). Moreover, even if this where not so and Toombs, as chairman of the board, had some individual authority, the judicial declaration that Toombs was not a member of the defendant church, had the effect of simultaneously declaring his office vacant (Religious Corporations Law, § 199). Thus under no guise of authority could Toombs have bound this corporation.
The action for which plaintiff performed legal services, clearly and despite its caption, was brought not for the benefit of the defendant herein, but to declare Toombs’ ecclesiastical supremacy over the defendant. The papers clearly show that plaintiff was not a mere outsider to the passing events, completely unaware of the internecine conflict preceding the prolonged litigation. By his own admission he was an active church worker, and if his statements made on his applications for “clergy fare certificates” are accurate, he devoted his time exclusively thereto. There is, therefore, no basis in law for him to look to the defendant here for compensation. He must look to those who hired him.
Defendant’s cross motion for summary judgment is granted, and the complaint is dismissed. In view of the determination of the cross motion, the main motion is now academic. Settle order.