■ THEOPHIL D. KREHEL, Appellant, v. EASTERN ORTHODOX CATHOLIC CHURCH IN AMERICA, Respondent.— Order and judgment affirmed, with costs to the respondent. Concur — Breitel, J. P., Rabin, Valente and McNally, JJ.; Eager, J., dissents in part in the following memorandum: I concur in the affirmance of the order and judgment appealed from insofar as it dismisses the first cause of action. Upon the defendant's motion for summary judgment, the plaintiff was bound to come forward and present facts and details in support of such cause of action. He was bound to show that his claim is real and capable of being established upon a trial (see *Iannarelli* v. *Carvel Stores of New York*, 18 Misc 2d 930, 932; *May* v. *Prudential Ins. Co.*, 93.N. Y. S. 2d 579, 581), including a factual showing that he rendered professional services as alleged; and this he did not do. It does appear, however, that there are triable issues of fact with respect to the second cause of action. It appears that the plaintiff was retained by Toombs, the *de facto* archbishop of the defendant Church to bring the declaratory judgment action in 1954. While it appears that the action was brought mainly in the interest of individual plaintiffs, the Church was properly a party to such action and it appears that the plaintiff herein appeared of record as attorney for the Church (as well as for other plaintiffs) throughout the action, including on a trial and on an appeal. Inasmuch as the Church was a party to the 1954 declaratory judgment action and properly so, the plaintiff's right to compensation for alleged services rendered to the Church therein would depend upon whether or not he was expressly or impliedly authorized to represent it in the action. Under all the circumstances, there are in my opinion triable issues as to whether or not the plaintiff was so authorized and as to whether or not he rendered services in the action for the Church. In support of plaintiff's claim that he was authorized to represent the Church in the action, it appears that (1) he was retained in its behalf by one who was purporting at the time to act as head of the Church; (2) he was in fact attorney of record for the Church throughout the entire litigation; and (3) those persons having authority to act for the Church in the matter were parties defendant to the action and their attorneys of record; and they did not at any time during the litigation question the propriety of the Church becoming and continuing as a party to the action nor the authority of the plaintiff to appear for it as a party therein. Under the circumstances, I would reverse the order and judgment insofar as it grant*

summary judgment dismissing the second cause of action and deny defendant's motion for summary judgment with respect thereto.  [22 Misc 2d 522.]