■ BERTRAN PACKING, INC., Respondent, v TRANSWORLD FABRICATORS, INC., Appellant.—Order, Supreme Court, New York County, entered February 4, 1975, granting plaintiff's motion for rehearing, and, upon rehearing, recalling the court's prior decision and denying defendant's motion to dismiss the complaint, unanimously affirmed, with one bill of $60 costs and disbursements to respondent. Appeal from the order of the same court entered April 16, 1975, denying defendant's motion for reargument is unanimously dismissed as nonappealable, without costs and without disbursements. In this breach of contract action, defendant was initially successful in moving to dismiss the complaint on the ground that the contract relied on had been superseded by a second contract. The circumstances underlying the first contract are as follows: Herbert Newman (hereinafter "Herbert") had been an officer and part owner of defendant, a meat brokerage business. His son, Richard Newman (hereinafter "Richard") was employed by defendant. For reasons of health, Herbert sold his interest in defendant. The consideration received was a lump sum payment to Herbert and a contract retaining both Herbert and Richard as sales consultants for a period of five years at a fee of $1,000 per week, to be reduced to $300 per week should Herbert die during the life of the contract. Further, the contract had a covenant restricting competitive activity by both Newmans. Plaintiff corporation was formed by the Newmans for the purpose of entering into the above contract and Richard was the corporation's sole stockholder. Herbert was plaintiff's president and he executed the contract on behalf of plaintiff. Commencing in the third year, defendant ceased making payments pursuant to the contract. Plaintiff made written demand for the sum owing and threatened suit. Approximately three months later, suit was instituted. Subsequently, plaintiff was informed that a second contract superseding the first one had been executed by Herbert on behalf of plaintiff, approximately two months after Richard, on behalf of plaintiff, made written demand for payment. As aptly noted by Special Term in its determination granting a rehearing: "On the day [its] decision was filed on the motion, the parties, by coincidental pre-arrangement took the deposition of Herbert Newman who as President of 'Bertran Packing Inc.' had signed the superseding contract. Mr. Newman testified that prior to signing that contract he formed a Florida corporation with the same name as the plaintiff, opened a Florida bank account for that corporation and that the payments made under the second contract were deposited in that bank account. Mr. Newman testified that he is the sole stockholder of the Florida corporation while his son is the sole stockholder of the plaintiff. He testified that he did not know if his son knew of the formation of the Florida

corporation." Defendant's assertion regarding the validity of the second contract that as to it, Herbert was either cloaked with apparent authority or possessed actual authority to execute the second contract on plaintiff's behalf is not sufficiently sustained on this record to entitle defendant to summary judgment. The issue raised by plaintiff whether defendant knew or should have known of Herbert's lack of authority may not be concluded at this juncture. It has been authoritatively stated that "where no written authority of the agent has been proven, questions of agency and of its nature and scope and of ratification by or estoppel of the principal, if dependent upon contradictory evidence or evidence, though not contradictory or disputed, from which different inferences reasonably may be drawn, are questions of fact to be submitted to the jury" *(Hedeman v Fairbanks, Morse & Co.,* 286 NY 240, 248–249). Moreover, it has long been the law that "an agent cannot bind his principal, even in matters touching his agency, where he is known to be acting for himself, or to have an adverse interest" *(Manhattan Life Ins. Co. v Forty-Second St. & Grand St. Ferry R.R. Co.,* 139 NY 146, 151, quoted in *Wagner v Nichols,* 5 AD2d 191, 194). The above principles of law, when applied to the facts of this case, mandate a plenary hearing. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Nunez, JJ.