■ CITIBANK (NEW YORK STATE), N. A., Appellant, v E. J. ZIBRO TIRE & APPLIANCE CO., INC., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered January 4, 1979 in Albany County, which denied plaintiff's motion for summary judgment in lieu of complaint. The plaintiff sought summary judgment pursuant to CPLR 3213 based upon a promissory note given by defendant E. J. Zibro Tire & Appliance Company for the payment of money, dated March 1, 1977, and a guarantee executed by defendant Edward J. Zibro, Jr., dated March 2, 1977. It is alleged that the defendant corporation defaulted on the promissory note because of late payment on the note. The terms of the note provided that late payments constituted a default. A judgment was sought also against Edward J. Zibro, Jr., as a guarantor of the note. The bank alleged in a responding affidavit additional grounds for default, namely, that the defendant corporation had

incurred an indebtedness in excess of an amount permitted in the promissory note and had created a security interest against the corporate assets in favor of another creditor also in violation of an express promise not to do so contained in the note. The defendants alleged that the bank's practice of repeatedly accepting payment after the specified due date of the note and its practice of mailing the monthly statement of the amounts due after the due date to the defendants raised an issue of fact as to whether a default in payment had occurred. Defendants also contended that the promissory note was modified by a subsequent oral agreement with one William Powers, a Citibank representative. It is alleged that Mr. Powers participated in arranging a line of credit for defendant corporation with another bank and that this active engagement of the bank's own representative in the financial negotiations estops the appellant from benefiting from the applicability of section 15-301 of the General Obligations Law. Defendants assert that there are triable issues of fact on the question of estoppel and modification of the note and that, therefore, summary judgment was properly denied by Special Term. We agree. Summary judgment is inappropriate in this case. Although the written agreement contained a clause to the effect that it cannot be changed orally or by an executory agreement unless it is in writing, there are a number of exceptions found in case law where an agreement containing a merger clause can be modified orally. Executed oral modification and estoppel are situations where application of section 15-301 may be excused (*Zolar Pub. Co. v Doubleday & Co.,* 529 F2d 663; *Rose v Spa Realty Assoc.,* 42 NY2d 338). Accepting as true the allegations of defendants' affidavit for purposes of this motion, it is arguable that there exists triable issues of fact requiring resolutions by trial. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.