MARINE MIDLAND BANK, N. A., Appellant, v QUALITY EXTERIOR CORPORATION et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered November 23, 1981 in Albany County, which denied plaintiff's motion for summary judgment. Plaintiff Marine Midland Bank, N. A., and defendant Quality Exterior Corporation (Quality) entered into an agreement whereby plaintiff agreed to purchase certain retail installment obligations arising out of goods or services sold by Quality to its customers. This agreement also provided that Quality would repurchase any such obligation due to a breach of warranty and precluded oral changes in the agreement. Thereafter, Quality entered into a retail installment obligation with Mary and David Williams wherein Quality agreed to provide home improvement goods and services for a cash price of $8,800. This obligation was assigned to plaintiff with a warranty that "the transaction which gave rise to this obligation was the furnishing of goods and services for repairs, alterations or improvements upon or in connection with real property which has been fully performed and completed by [Quality]" and that "the obligation is genuine and is in all respects what it purports to be". It is alleged by plaintiff that upon default by Mary and David Williams in the payments on the retail installment obligation it learned that the actual value of the work covered by the obligation was $5,000 and the balance was given to Mary Williams for the payment of other outstanding bills. The present action was then commenced alleging fraudulent misrepresentation against Quality and its president, Joseph Candido, and breach of warranty against Quality. Plaintiff moved for summary judgment on the cause of action for breach of warranty against Quality. Special Term denied the motion on the ground that issues of fact were present and this appeal ensued. Quality has alleged that Mary Williams represented to it that the amount over $5,000 on the retail installment obligation was necessary to pay contractors for additional home improvement work that Quality was not qualified to perform. It has also been alleged by Quality that a duly authorized agent of plaintiff was informed as to the nature of the transaction and consented to the arrangement. Plaintiff argues that Quality's breach of warranty was established and, due to the provision in its agreement

with Quality precluding oral modifications, any alleged oral modification by an agent of plaintiff was without effect. Although subdivision 1 of section 15-301 of the General Obligations Law prohibits oral modification of an agreement which contains a provision against oral modification, the application of this section may be excused by an executed oral modification, partial performance or estoppel (*Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344). Accepting as true the allegations of defendants' affidavit, it is arguable that there exist triable issues of fact concerning an executed oral modification or estoppel requiring resolution by trial. There is also presented a factual issue regarding the authority of plaintiff's agent to bind plaintiff. Accordingly, plaintiff's motion for summary judgment was properly denied and the order must be affirmed (see *Marine Midland Bank v Midstate Lbr. Co.*, 79 AD2d 783; *Citibank [N. Y. State] v Zibro Tire & Appliance Co.*, 72 AD2d 846). Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.