■ KENT COSTA, Respondent, v JOHN B. PARRY, Appellant. (And a Third-Party Action.)—In an action to recover on a purchase-money mortgage note given by the defendant upon the plaintiff's sale of property to him, the defendant appeals from an order of the Supreme Court, Westchester County (Daronco, J.), dated August 5, 1985, which denied his motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

We reject the defendant's contention that he has established an equitable estoppel defense as a matter of law so as to entitle him to summary judgment. Estoppel may be applied in an appropriate case in order to avoid the working of a fraud or injustice upon one of the parties *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, *rearg denied* 57 NY2d 674; *Holm v C.M.P. Sheet Metal,* 89 AD2d 229; *Sassower v Barone,* 85 AD2d 81). However, the conflicting affidavits submitted by the parties in this case raise triable issues of fact as to the circumstances surrounding the plaintiff's sale of the property to the defendant, the allegedly fraudulent misrepresentations made by the various parties involved in the sale, and the extent of the plaintiff's knowledge that the property

was actually encumbered at the time of the conveyance. Moreover, issues have been raised concerning the reasonableness of the parties' purported reliance upon the title examinations conducted both by an attorney and by a title company, as well as the plaintiff's alleged use of a corporate entity to transact purely personal business. Hence, a determination as to the validity of the defendant's estoppel defense cannot be made upon the present record (see, Citibank [N. Y. State] v Zibro Tire & Appliance Co., 72 AD2d 846). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.