■ NOAH KROMHOLZ, Appellant, v ROSE NOTEY et al., Respondents.—In an action pursuant to RPAPL article 15 to determine the interests of the parties in a certain parcel of real property, the plaintiff appeals (1) as limited by his notice of appeal and brief, from so much of an order of the Supreme

Court, Nassau County (Brucia, J.), dated May 23, 1986, as failed to grant his application for a preliminary injunction to enjoin the defendant Winepol & Son Building Corp. from interfering with his quiet enjoyment of the disputed property, and, instead, extended a temporary restraining order and directed a hearing on the application for a preliminary injunction, and (2) from an order of the same court, dated May 28, 1986, which, after a hearing, denied his motion for a preliminary injunction.

Appeal from the order dated May 23, 1986 dismissed. An order directing a judicial hearing to aid in the disposition of a motion is not appealable as of right (see, Bettino v Bettino, 112 AD2d 181; Liebling v Yankwitt, 109 AD2d 780; Bagdy v Progresso Foods Corp., 86 AD2d 589).

Order dated May 28, 1986, affirmed.

The defendant Winepol & Son Building Corp. is awarded one bill of costs.

The temporary restraining order granted by this court on June 16, 1986, and extended by the order of this court, dated June 18, 1986, is hereby vacated.

The plaintiff's contention that his motion for a preliminary injunction was erroneously denied is without merit. In order to establish his entitlement to such relief, the plaintiff was required to demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent a granting of the injunction, and (3) a balancing of the equities in his favor (see, Matter of Brenner v Hart Sys., 114 AD2d 363; Buegler v Walsh, 111 AD2d 206; Family Affair Haircutters v Detling, 110 AD2d 745). As to the first of these requirements, the plaintiff failed to establish a likelihood of success on the merits of his claim that he had adversely possessed a portion of the real property which was conveyed by deed to the defendant Winepol & Son Building Corp. (hereinafter Winepol). While the plaintiff was required to show that he had actually possessed the disputed property for a continuous period of 10 years (see, CPLR 212 [a]), the testimony adduced at the hearing on the motion for a preliminary injunction merely established that he had cultivated and maintained the parcel for one year and that his gardener had done likewise for the next six or seven years. Nor did the evidence adduced by the plaintiff to support his "tacking" argument, which was deficient in several respects, suffice to demonstrate a likelihood of success on the merits.

In addition, the construction of a house foundation by the

defendant Winepol near the disputed parcel has apparently rendered the plaintiff's "irreparable harm" argument academic. Thus, a preliminary injunction is inappropriate under the circumstances of this case.

In light of the foregoing, we need not consider the plaintiff's additional contentions. Mangano, J. P., Thompson, Lawrence and Spatt, JJ., concur.