■ LAWRENCE T. GRESSER et al., Respondents, v RUDOLPH PRINCI et al., Appellants.—In an action, *inter alia*, for specific performance of a contract for the sale of real property, the defendants separately appeal from (1) an order of the Supreme Court, Suffolk County (Brown, J.), dated June 26, 1986, which granted the plaintiffs' motion for a preliminary injunction prohibiting the defendants from conveying or taking any other action with respect to the subject property which would be adverse to the plaintiffs' interest therein, and (2) an order of the same court, also dated June 26, 1986, which denied the motion of the defendants Princi and Axelrod, which was joined in by the defendant Rosen, to dismiss the complaint.

Ordered that the orders are affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

We find unpersuasive the defendants' contention that the court erred in failing to dismiss the complaint pursuant to the documentary evidence and Statute of Frauds defenses asserted in the motion to dismiss. The plaintiffs have alleged sufficient facts to require a trial on the issue of whether the defendants Princi and Axelrod expressly or impliedly waived their contractual right to cancel the agreement in the event that a rezoning of the property was not obtained by September 1, 1985. Indeed, the record reveals that after the option to cancel became exercisable, Princi and Axelrod continued to perform under the contract and to request performance by the plaintiffs, and they did not attempt to cancel the agreement until January 21, 1986, the same date upon which the application for rezoning was approved. A valid waiver "requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d

175, 184, *rearg denied* 57 NY2d 674), and it may arise "by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage" *(Hadden v Consolidated Edison Co.,* 45 NY2d 466, 469). The waiver need not be reduced to writing in order to be enforceable *(see, e.g., Nassau Trust Co. v Montrose Concrete Prods. Corp., supra).* Given the conduct and representations of Princi and Axelrod after September 1, 1985, their lengthy and unexplained delay in seeking to cancel the contract, and their abrupt decision to cancel on the same date as the desired rezoning was approved, we cannot say that the Supreme Court, Suffolk County, erred in denying the motion to dismiss, for triable issues of fact with respect to the plaintiffs' claim of waiver have clearly been raised *(see, e.g., American Bag & Metal Co. v Alcan Aluminum Corp.,* 115 AD2d 958; *Avendanio v Marcantonio,* 75 AD2d 796). Additionally, factual issues have been raised concerning whether the plaintiffs and the defendants Princi and Axelrod entered into and partially performed an oral modification of the written contract *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338; *Ackerman v Landes,* 112 AD2d 1081; *Marine Midland Bank v Quality Exterior Corp.,* 92 AD2d 662) as well as whether Princi and Axelrod should be equitably estopped from asserting the aforementioned defenses *(see, e.g., Rose v Spa Realty Assocs., supra; Costa v Parry,* 121 AD2d 360; *American Bag & Metal Co. v Alcan Aluminum Corp., supra).*

Moreover, we discern no error in the granting of the plaintiffs' motion for a preliminary injunction, as the movants sufficiently demonstrated a likelihood of success on the merits, irreparable injury absent a grant of the injunction, and a balancing of the equities in their favor *(see generally, Kromholz v Notey,* 121 AD2d 668; *Matter of Brenner v Hart Sys.,* 114 AD2d 363; *Buegler v Walsh,* 111 AD2d 206, *lv dismissed* 65 NY2d 1012; *Family Affair Haircutters v Detling,* 110 AD2d 745).

Insofar as the defendant Rosen claims that the granting of the preliminary injunction prejudiced him, he has the right to seek whatever redress he deems appropriate. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.