■ RENDE AND ESPOSITO CONSULTANTS, INC., et al., Appellants, and PARK SLOPE DEVELOPMENT CORP., Intervenor-Appellant, v ST. AUGUSTINE'S ROMAN CATHOLIC CHURCH et al., Respondents, et al., Additional Defendants on Plaintiff-Intervenor's Cross-Claim.—In an action, inter alia, for specific performance of a contract for the sale of real property owned by the defendant St. Augustine's Roman Catholic Church (hereinafter St. Augustine's), (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated March 19, 1987, as

granted the respective motions of the respondents St. Augustine's, Father Ernest H. Fiorillo, Bishop Francis J. Mugavero and Monsignor James P. King, and the respondents Helen Kavanagh and Rafa Joa for summary judgment dismissing their complaint, and canceled their notice of pendency filed against the subject property; and (2) the plaintiff-intervenor separately appeals, as limited by its brief, from so much of the same order as granted the respective motions of the respondents St. Augustine's, Father Ernest H. Fiorillo, Bishop Francis J. Mugavero and Monsignor James P. King, and the respondents Helen Kavanagh and Rafa Joa for summary judgment dismissing its complaint, canceled its notice of pendency filed against the subject property, and denied its motion for leave to amend its complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions for summary judgment are denied, and the plaintiff-intervenor's motion for leave to serve an amended complaint is granted.

The record reveals that on June 14, 1983, the plaintiff Rende and Esposito Consultants, Inc. (hereinafter Rende and Esposito) and St. Augustine's allegedly entered into a contract whereby St. Augustine's, a religious corporation, agreed to sell a parcel of improved real property situated in Kings County to Rende and Esposito for a purchase price of $850,000. The contract was signed by the defendant Father Ernest H. Fiorillo, the pastor and a trustee of St. Augustine's, in his capacity as secretary of the religious corporation. The agreement was expressly made subject to, among other things, "[a]pproval of [the] Supreme Court pursuant to Section 12 of [the] Religious Corporations Law, which said approval shall be obtained by Seller at its own cost and expense". It further provided that Rende and Esposito could not assign the contract without the approval of St. Augustine's, said approval not to be unreasonably withheld, and gave St. Augustine's the right to adjourn the closing date for a period of one year if various municipal approvals for the conversion of the property to residential use could not be obtained by December 31, 1983.

Thereafter, Rende and Esposito became engaged in the process of attempting to secure the aforementioned approvals and also negotiated an assignment of the contract with the plaintiff-intervenor Park Slope Development Corporation (hereinafter Park Slope). Pursuant to that assignment, Park Slope agreed to pay a total of $3,000,000, and the agreement was conditioned upon the approval of the assignment by St. Augustine's.

On July 1, 1985, a meeting was held by the board of trustees of St. Augustine's on the issue of whether to approve the sale of the subject property to Rende and Esposito. The trustees present at the meeting unanimously voted to disapprove the sale, to retain the subject property, and to authorize Father Fiorillo to explore the possibility of leasing the buildings situated thereon. Rende and Esposito thereafter commenced the instant action seeking, *inter alia,* specific performance of the contract of sale and damages for the alleged breach of the contract. Park Slope intervened in the action and served a complaint asserting similar claims against the defendants and various cross claims against the plaintiffs. After the completion of discovery, Park Slope moved for leave to serve an amended complaint, and the clerical respondents (St. Augustine's, Bishop Francis J. Mugavero, Monsignor James P. King and Father Fiorillo) and the lay respondents (Helen Kavanagh and Rafa Joa) separately moved for summary judgment dismissing the complaints.

The Supreme Court, Kings County, granted the aforementioned motions for summary judgment and denied Park Slope's motion for leave to amend its complaint. In its accompanying decision, the court reasoned that the contract of sale was unenforceable due to the lack of approval by St. Augustine's board of trustees and that the various claims by Rende and Esposito and Park Slope could not be entertained because the resolution to disapprove the sale involved matters of ecclesiastical judgment by the church hierarchy over which the court lacked subject matter jurisdiction. We now reverse.

Initially, we note that the court erred in concluding that it was without subject matter jurisdiction to adjudicate the *merits* of the claims before it. While it is clear that the judiciary may not interfere in disputes concerning matters of religious doctrine and practice *(see, Serbian Orthodox Diocese v Milivojevich,* 426 US 696, *reh denied* 429 US 873; *Kedroff v St. Nicholas Cathedral,* 344 US 94), the courts remain free to resolve controversies involving religious groups or organizations where such matters are not implicated and where the dispute can be settled by the application of neutral principles of law *(see, Jones v Wolf,* 443 US 595; *Morris v Scribner,* 69 NY2d 418; *see also, Avitzur v Avitzur,* 58 NY2d 108, *cert denied* 464 US 817). The present case concerns a dispute over the title to real property, the resolution of which may be achieved through the application of widely recognized and accepted principles of law and equity without resort to judicial intrusion into ecclesiastical concerns *(see, e.g., First Presbyt.*

*Church v United Presbyt. Church,* 62 NY2d 110, *rearg denied* 63 NY2d 676, *cert denied* 469 US 1037). Moreover, contrary to the court's determination, it is clear that specific performance of a contract for the sale of real property by a religious corporation may be ordered under appropriate circumstances *(see, Church of God of Prospect Plaza v Fourth Church of Christ, Scientist,* 76 AD2d 712, *affd* 54 NY2d 742; *Muck v Hitchcock,* 149 App Div 323, *revd on other grounds* 212 NY 283).

Turning to the merits, we conclude that although there is no proof of the existence of any actual authority or apparent authority on the part of Father Fiorillo to bind St. Augustine's at the time he signed the contract *(see, People's Bank v St. Anthony's R. C. Church,* 109 NY 512; *Diocese of Buffalo v McCarthy,* 91 AD2d 213, *lv denied* 59 NY2d 605; *Krehel v Eastern Orthodox Catholic Church,* 22 Misc 2d 522, *affd* 12 AD2d 465, *affd* 10 NY2d 831; *see also, Hallock v State of New York,* 64 NY2d 224, 231), triable issues of fact have been raised with regard to the ratification and equitable estoppel arguments advanced by Rende and Esposito and Park Slope. Indeed, the record is unclear or contains contradictory evidence with respect to the various representations made by the parties at the time of the execution of the contract and thereafter, the authorization underlying St. Augustine's exercise of its option to postpone the closing pursuant to the terms of the contract, and the extent of the knowledge of the terms of the contract which the individual trustees possessed, prior to their vote of disapproval *(see generally, Diocese of Buffalo v McCarthy, supra; Holm v C.M.P. Sheet Metal,* 89 AD2d 229). Additionally, issues have been raised concerning the reasonableness of Rende and Esposito's alleged reliance upon the purported representations of Father Fiorillo and St. Augustine's attorneys, especially in light of the fact that Rende and Esposito were represented by experienced counsel at all relevant times. Given the factual complexity of these issues, a trial is necessary to resolve the various claims asserted in the complaints of Rende and Esposito and Park Slope *(see, e.g., Hedeman v Fairbanks, Morse & Co.,* 286 NY 240; *Costa v Parry,* 121 AD2d 360; *Marine Midland Bank v Quality Exterior Corp.,* 92 AD2d 662; *Bertran Packing v Transworld Fabricators,* 50 AD2d 542).

Furthermore, while we express no opinion regarding the ultimate disposition of the instant action, we note that should it be determined after the trial that the contract is valid and enforceable or that the defendants should be estopped from

denying its invalidity, the court must then determine whether to approve the sale pursuant to Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511. In doing so, the court must consider whether the bargain was fair and reasonable at the time it was entered into and whether the sale of the property will presently benefit St. Augustine's and promote the best interests of its members, who are "the real parties in interest" *(Church of God of Prospect Plaza v Fourth Church of Christ, Scientist,* 76 AD2d 712, 716, *supra; see, Levovitz v Yeshiva Beth Henoch,* 120 AD2d 289; *Wolkoff v Church of St. Rita,* 132 Misc 2d 464; *Matter of Church of St. Francis de Sales,* 110 Misc 2d 511).

Finally, in light of the above determination and the absence of any allegation of prejudice by the respondents, Park Slope's motion for leave to amend its complaint is granted *(see,* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Burack v Burack,* 122 AD2d 101). Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.