■ EDWARD CARRERA, Appellant, v BANK OF NEW YORK, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for the wrongful dishonor of a letter of credit, the plaintiff appeals from an amended order of the Supreme Court, Suffolk County (Gowan, J.), entered May 23, 1988, which granted the motion of the defendant Bank of New York to dismiss the complaint insofar as it is asserted against it pursuant to CPLR 3211 (a) (1) based upon documentary evidence.

Ordered that the amended order is reversed, with costs, and the motion is denied.

The plaintiff seeks to recover damages against the defendants Bank of New York, Norman Goldstein Associates, Inc., and Norman Goldstein, *inter alia,* based upon the defendant bank's wrongful dishonor of a letter of credit issued to the plaintiff at the request of the defendant Norman Goldstein Associates, Inc., the bank's customer.

The defendant bank moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as it is asserted against it on the ground that the plaintiff had not complied with the terms of the letter of credit. The letter of credit specifically provided that payment would be made upon:

"PRESENTATION OF THE DOCUMENTS DETAILED HEREIN AND OF YOUR DRAFT(S) AT SIGHT DRAWN ON THE BANK OF NEW YORK, NEW YORK, NY

"1-COMMERCIAL INVOICE IN ORIGINAL AND 3 COPIES.

"2-COPY OF LETTER FROM NORMAN GOLDSTEIN TO BENEFICIARY STATING THAT PARTIAL OR FULL PAYMENT UNDER THIS LETTER OF CREDIT IS AUTHORIZED.

"EVIDENCING SHIPMENT OF: VARIOUS HEALTH AND BEAUTY AIDS EX FACTORY".

The letter of credit was subsequently amended to provide that

on the letter from Norman Goldstein to beneficiary, the full name of the applicant must be as follows: "NORMAN GOLDSTEIN ASSOCIATES, INC."

It was the defendant bank's position that the plaintiff had not complied with the terms of the letter of credit because he had only presented the letter of credit, together with a full performance letter executed by Norman Goldstein Associates, Inc.; he had not presented the commercial invoice with three copies or the draft at sight drawn on the Bank of New York.

In opposition to the defendant bank's motion, the plaintiff alleged that the letter of credit was given as security for an investment he made in Combined Thoroughbred Agencies, Inc. (hereinafter CTA), a racing horse venture, which corporation is now insolvent. At the time CTA delivered the letter of credit to the plaintiff, CTA also delivered to the plaintiff a letter executed by Norman Goldstein as president of Norman Goldstein Associates, Inc., authorizing full payment of the letter of credit; the plaintiff, however, did not receive the required commercial invoice and three copies "EVIDENCING SHIPMENT OF: VARIOUS HEALTH AND BEAUTY AIDS EX FACTORY". The plaintiff's attorney realized that the plaintiff would not be able to comply with the requirement regarding the invoice because the proposed investment did not involve the shipment of such goods.

Therefore, prior to the plaintiff's acceptance of the letter of credit, the plaintiff's attorney spoke with a named employee of the defendant bank, who worked in the letter of credit department, concerning the reference to the commercial invoice. That bank employee assured the plaintiff's attorney that the letter of credit would be honored despite the lack of an invoice. Upon that assurance, the plaintiff tendered his check for $425,000 to CTA. Subsequently, the plaintiff presented to the defendant bank the letter of credit, the written amendment thereto, and the letter from the defendant Norman Goldstein Associates, Inc., for payment. The defendant bank did not immediately reject the presentation of the documents, but based upon objections allegedly interposed by the defendant Norman Goldstein, the defendant bank subsequently refused to honor the letter of credit. A formal letter of rejection was sent to the plaintiff, indicating, in pertinent part, that payment had been refused due to the following discrepancies: "COMMERCIAL INVOICE NOT PRESENTED. ALL DOCUMENTS NOT PRESENTED WITH FIRST OF EXCHANGE".

Contrary to the Supreme Court's determination, we find that it cannot be said that the defendant's documentary

evidence constitutes a complete defense to the plaintiff's claims of estoppel and waiver with regard to the terms of the letter of credit. While the relationship of Norman Goldstein Associates, Inc. and its president to CTA is not disclosed in the record, the terms of the letter of credit with regard to the commercial invoice were clearly unrelated to the transaction between the plaintiff and CTA. Further, the defendant bank presented no evidence refuting the plaintiff's claims that the term concerning the commercial invoice had been erroneously included in the letter of credit, and that that error had been acknowledged by the defendant bank. Thus, the plaintiff has alleged sufficient facts to raise an issue as to estoppel *(Rose v Spa Realty Assocs.,* 42 NY2d 338, 340-341; *Pau v Bellavia,* 145 AD2d 609, 610) precluding a dismissal on the ground that a defense is founded on documentary evidence *(Rose v Spa Realty Assocs., supra; Citibank v Zibro Tire & Appliance Co.,* 72 AD2d 846). Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.