■ 2 FIFTH AVENUE TENANTS ASSOCIATION et al., Respondents, v ROBERT ABRAMS, as Attorney-General for the State of New York, Respondent, and MAY-CARLTON ASSOCIATES et al., Appellants.—Order of the Supreme Court, New York County (Peter Tom, J.), entered on May 28, 1991, which *inter alia,* denied respondents' motion for summary judgment, is unanimously affirmed, with costs and disbursements.

This proceeding arises out of the offering plan for, and subsequent conversion of, 2 Fifth Avenue in Manhattan into a cooperative residence under an arrangement which would necessitate renting the land under the building from the sponsor pursuant to a long-term ground lease. As ultimately accepted, the plan advised buyers that the lease required the cooperative corporation to maintain insurance at specified levels that might have to be increased in the future and that any default would result in termination. Prior to the closing, there were fourteen amendments, including one that rendered the plan non-eviction in nature and another that declared the

plan effective as of August 16, 1985. The thirteenth amendment disclosed the existence of previous litigation and extended the exclusive purchase period for tenants to May 1, 1986, and the fourteenth amendment continued the exclusive purchase period until May 27, 1986. On May 27, 1986, the date that the exclusive period to purchase was due to expire, the lawyer for some of the tenants hand-delivered to the Attorney-General's office a letter expressing concern over the insurance provision and relaying the difficulties that the sponsor was experiencing in obtaining the mandated insurance. Indeed, according to counsel, the insurance broker identified as having promised a binder for a $50 million umbrella policy in the proposed budget for the first year of the cooperative's operation had informed him that such a policy was not available. Not until the closing was the ground lease amended to necessitate that the amount of insurance be commercially reasonable, and this fact was not revealed to the tenants until months after the closing when the fifteenth amendment was accepted for filing. It is petitioners' contention that more tenants would have acquired the shares to their apartments had they known that only a commercially reasonable amount of insurance was required and had they been accorded the opportunity to purchase thereunder.

In *State of New York v Rachmani Corp.* (71 NY2d 718, 726), the Court of Appeals, in discussing a common-law fraud action such as the one involved herein, held that omitted information is material if there is a " 'substantial likelihood' " that a " 'reasonable shareholder' " would have considered it important; that is, if he or she would have viewed it " 'as having significantly altered the *"total mix" ' "* of available facts. In that regard, the Supreme Court appropriately concluded that the materiality of the alleged omission and the reasonableness of some of the tenants' purported reliance thereon *(see, Costa v Parry,* 121 AD2d 360), as well as whether there was fraudulent intent in the supposed omission *(see, Black v Chittenden,* 69 NY2d 665), present unresolved questions of fact precluding summary judgment. We have reviewed respondents' other arguments and find them to be without merit. Concur—Milonas, J. P., Ross, Asch and Kassal, JJ.