■ ALAN GREENBERG, Appellant, v JONATHAN Q. FREY, Respondent.—Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about July 23, 1992, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs.

In 1985, defendant executed a $110,000 promissory note in favor of plaintiff, his father-in-law. The note, due in 2015, provided for annual interest payments at the rate of nine percent and contained a clause stating that it could not be changed orally and could only be modified by an agreement in writing signed by the party to be charged. Plaintiff seeks the interest due for the years 1985 through 1991, which interest plaintiff failed to demand and which defendant claims was forgiven as a gift.

While General Obligations Law § 15-301 generally bars oral

modification of an agreement which contains a merger clause, application of this section may be avoided by an executed oral modification, partial performance, or estoppel, if unequivocally referrable to the modification *(Rose v Spa Realty Assocs.,* 42 NY2d 338, 343-344). The particular facts and circumstances alleged by defendant, which include allegations of forgiveness, and plaintiff's concession that he failed to demand the interest payments over the six-year period, present issues of fact as to whether there was an oral modification of the contract *(Citibank v Zibro Tire & Appliance Co.,* 72 AD2d 846, 847).

Further, there is an issue as to whether plaintiff waived his entitlement to the interest sought since he failed to evince an intent to claim *(Gresser v Princi,* 128 AD2d 752, *lv dismissed* 70 NY2d 693). Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.