■ U.O.M. TRADING CORP., Appellant, v 85 SOUTH OCEAN REALTY CORP., Doing Business as 85 SOUTH OCEAN AVENUE CORP., Respondent, et al., Defendants. [676 NYS2d 481] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated June 17, 1997, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment. The plaintiff's evidentiary submissions failed to establish, as a matter of law, that the defendant Vittorio Tosti possessed actual authority to mortgage the sole asset of the defendant 85 South Ocean Realty Corp. d/b/a 85 South Ocean Avenue Corp. pursuant to the corporation's bylaws (see, *Saleh v Angelika Films,* 239 AD2d 165; *Colonie Hill v Duffy,* 114 AD2d 879). Furthermore, material issues of fact remain regarding whether Tosti had apparent authority to execute a mortgage on behalf of the corporate defendant, whether the plaintiff fulfilled its duty to conduct a reasonable inquiry into the scope of Tosti's alleged authority, and whether the corporate defendant ratified the mortgage or should be estopped from denying Tosti's authority to execute it (see, *Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31). These issues, involving inferences to be drawn from evidentiary proof, cannot be determined on the documentary evidence submitted on the motion (see, *Collision Plan Unlimited v Bankers Trust Co., supra; Bertran Packing v Transworld Fabricators,* 50 AD2d 542). Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.