■ ANTHONY GOLFO et al., Appellants, v KYCIA ASSOCIATES, INC., et al., Respondents. [845 NYS2d 122]—

In an action, inter alia, for specific performance of contracts for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated June 29, 2006, as denied their motion for summary judgment on the first cause of action and granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and for cancellation of a notice of pendency recorded against the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into four contracts for the purchase and sale of four contiguous parcels of certain real property. The contracts provided that if the closing did not occur by September 30, 2001, for any reason except the defendants' default, the defendants had a right to cancel the contracts. The plaintiffs allegedly discovered a defect in the property and attempted to renegotiate the contracts. As a result, the closing did not occur by the designated date. However, the defendants did not attempt to exercise the cancellation clause until March 2002. The plaintiffs rejected the cancellation, filed a notice of pendency, and commenced the instant action, inter alia, for specific performance.

Upon the completion of the depositions of the parties, as well as their counsel in the underlying real estate transaction, the parties moved for summary judgment. As relevant here, the Supreme Court granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and for cancellation of the notice of pendency filed with respect to the subject property, on the ground that the defendants had not waived their right to cancel the contracts when the closing did not occur by the date specified in the contracts.

A valid waiver "requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver would have been enforceable" (*Nassau Trust Co. v*

*Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]; *see Gresser v Princi*, 128 AD2d 752, 753 [1987]). It may arise by either an express agreement or by such conduct or a failure to act as to evince an intent not to claim the purported advantage (*see Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978]; *Gresser v Princi*, 128 AD2d at 753). A waiver "is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence" (*Peck v Peck*, 232 AD2d 540, 540 [1996]). Rather, there must be proof that there was a voluntary and intentional relinquishment of a known and otherwise enforceable right (*see Peck v Peck*, 232 AD2d 540 [1996]).

Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Ilardi v Inte-Fac Corp.*, 290 AD2d 490 [2002]). The deposition testimony established that the defendants did not waive their right to cancel the contracts although the September 30, 2001 deadline had passed. We additionally note that the plaintiffs' real estate counsel conceded as much in his deposition. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court properly granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and for cancellation of the notice of pendency filed with respect to the subject property.

The plaintiffs' remaining contentions are without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.