■ AJ HOLDINGS GROUP, LLC, Appellant, v IP HOLDINGS, LLC, et al., Respondents. [11 NYS3d 55]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 19, 2014, which, insofar as appealed from, granted defendants' motion for spoliation sanctions, unanimously reversed, on the law and the facts, without costs, and the imposition of discovery sanctions vacated. Appeal from

order, same court and Justice, entered on or about July 7, 2014, which denied that portion of plaintiff's cross motion which sought "renewal" of its summary judgment motion, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff's failure to ensure that its principals, who were all involved in the instant transactions, preserved their emails on various accounts used by them, and its failure to implement any uniform or centralized plan to preserve data or even the various devices used by the "key players" in the transaction, demonstrated gross negligence with regard to the deletion of the emails (see *VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 45 [1st Dept 2012]). This gross negligence gave rise to a rebuttable presumption that the spoliated documents were relevant (*id.*). However, plaintiff sufficiently rebutted that presumption by demonstrating that the defenses available to defendants all necessarily turned on communications to or with them, not plaintiff's internal communications.

In particular, defendants claim that there was an oral modification to the parties' contract, whereby plaintiff waived the termination provisions. This is despite the fact that the agreement contained a clause barring oral modifications. In such a circumstance, defendants must establish an executed oral modification, or partial performance or estoppel "unequivocally referable" to the alleged oral modification (*Greenberg v Frey*, 190 AD2d 546, 547 [1st Dept 1993]). Because defendants can have only relied on communications they received from plaintiff to establish this defense, there is no sense in which the deleted internal emails of plaintiff would be relevant. As such, it was error to impose spoliation sanctions.

The IAS court correctly held that plaintiff's motion to "renew" its previous summary judgment motion was actually an untimely motion to reargue, as plaintiff based it not on any newly discovered information, but on the theory that the IAS court had "overlooked" the integration clause in the agreement (see CPLR 2221 [d], [e]). Moreover, as the IAS court held, plaintiff can bring the motion again at the close of discovery. Concur—Tom, J.P., Renwick, Andrias and Manzanet-Daniels, JJ. ■