OPINION OF THE COURT
Timothy J. Dufficy, J.
It is ordered that the motion is granted, as indicated below:
Briefly, the plaintiff claims that the defendant interfered with its prior contract with FMC Construction LLC (Construction) to provide cement for a construction project, thereby causing it to lose prospective profits from the job. Casa Redimix Concrete Corp. (Casa) claims that it did not know of the existence of the contract between Ferrara Bros. Building Materials Corp. and Best Concrete Mix Corp., Doing Business as Ferrara Bros. Building Materials Corp./Best Concrete Mix (Ferrara) and Construction. To this, plaintiff responds that the date typed into a form agreement between Casa and Construction predates the computer-generated identification footer on the document by 20 days. Ferrara essentially claims that Casa backdated its agreement with Construction to give the impression that it was entered into prior to Ferrara’s contract rather than after Casa’s principals were aware of Ferrara’s contract. Ferrara claims that electronic data such as metadata will reveal the true generation dates and revision histories of the documents.
In response to a request by counsel, in April 2015, over seven years after the case was commenced, Casa provided an affidavit from an information technology specialist. The affidavit indicated that in 2009, two years after the case was commenced, the computers on which the native information was stored had been replaced, and discarded. This was done ostensibly due to a need to update Casa’s computer system. There is no indication that this was an “automatic” process.
Because there is no issue that the subject computer system was destroyed during the lawsuit, the only issues are whether Casa knew or should have known that the computers would have evidence relevant to the case, whether the plaintiff’s delay waived its right to demand the subject electronically stored information, and what sanction, if any, is an appropriate exercise of the court’s jurisdiction.
*531 A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a “culpable state of mind,” and “that the destroyed evidence was relevant to the party’s claim or defense such that the trier of fact could find that the evidence would support that claim or defense” (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012], quoting Zubulake v UBS Warburg LLC, 220 FRD 212, 220 [SD NY 2003]; Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547-548 [2015]). Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed documents is presumed (see Zubulake at 220). On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed documents were relevant to the party’s claim or defense (see id.).
“The party requesting sanctions for [spoliation] has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and ‘fatally compromised [the movant’s] ability to’ ” prove a claim or defense (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718 [2009], quoting Lawson v Aspen Ford, Inc., 15 AD3d 628, 629 [2005]; Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085 [2d Dept 2012]).
Electronic documents in their native language form may be discoverable, even when a hard copy has been provided (see 150 Nassau Assoc. LLC v RC Dolner LLC, 30 Misc 3d 1224[A], 2011 NY Slip Op 50182[U] [Sup Ct, NY County 2011]; see Dartnell Enters, v Hewlett Packard Co., 33 Misc 3d 1202[A], 2011 NY Slip Op 51758[U] [Sup Ct, Monroe County 2011]).
Under certain circumstances, the failure of a party to institute a litigation hold or to implement any uniform or centralized plan to preserve data or even the various devices used by the key players in the transaction might demonstrate gross negligence, which would give rise to a rebuttable presumption that the spoliated documents were relevant (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]; AJ Holdings Group, LLC v IP Holdings, LLC, 129 AD3d 504, 505 [1st Dept 2015]).
Metadata, commonly described as “data about data,” is defined as “a set of data that describes and gives information about other data” or “information about a particular data set *532 which describes how, when and by whom it was collected, created, accessed, or modified and how it is formatted (including data demographics such as size, location, storage requirements and media information).” (Scotts Co. LLC v Liberty Mut. Ins. Co., 2007 WL 1723509, *3 n 2, 2007 US Dist LEXIS 43005, *10 n 2 [SD Ohio, June 12, 2007, 2:06-CV-899].) It includes all of the contextual, processing, and use information needed to identify and certify the scope, authenticity, and integrity of active or archival electronic information or records. Some examples of metadata for electronic documents include: a file’s name, a file’s location (e.g., directory structure or pathname), file format or file type, file size, file dates (e.g., creation date, date of last data modification, date of last data access, and date of last metadata modification), and file permissions (e.g., who can read the data, who can write to it, who can run it). Some metadata, such as file dates and sizes, can easily be seen by users; other metadata can be hidden or embedded and unavailable to computer users who are not technologically adept (Autotech Tech. Ltd. Partnership v Automationdirect.com, Inc., 248 FRD 556, 557 n 1 [ND Ill 2008]; see generally The Sedona Principles: Best Practices Recommendations and Principles for Addressing Electronic Document Production, comment 12.a [Sedona Conference Working Group Series (2d ed June 2007)], available at https://thesedonaconference.org/download-pub/81 [check “I agree to these terms” and download] [hereinafter, Se-dona Principles 2d]). Although metadata often is lumped into one generic category, there are a few distinct types, including substantive (or application) metadata, system metadata, and embedded metadata (see Sedona Principles 2d, Comment 12.a; United States District Court for the District of Maryland, Suggested Protocol for Discovery of Electronically Stored Information at 25-28, http://www.mdd.uscourts.gov/news/news/ ESIProtocol.pdf).
For purposes of this motion, system metadata is concerned. System metadata includes the author, date and time of creation, and the date a document was modified. System meta-data is relevant if the authenticity of a document is questioned or if establishing “who received what information and when” is important to the claims or defenses of a party (see Hagenbuch v 3B6 Sistemi Elettronici Industriali S.R.L., 2006 WL 665005, *3, 2006 US Dist LEXIS 10838, *10 [ND Ill, Mar. 8, 2006, No. 04 C 3109]). System metadata is not embedded within the file it describes, but is stored externally on the system {see Sedona *533 Principles 2d, Comment 12.a). System metadata is used by the computer’s file system to track file locations and store information about each file’s name, size, creation, modification, and usage.
Here, the date and time of creation, which would be contained in the system data, are relevant to the case at bar. As stated, supra, this data is not embedded in the file, but stored in the computer’s operating system. Therefore, files copied to another computer would not necessarily contain the native system metadata. Since the defendant has testified that he was unaware of the plaintiff’s contract at the time he entered into his contract, the creation date of the contract as evidenced by the system data is relevant here.
Defendant Casa has not cited, nor has the court found any case, that stands for the proposition that a party may discard relevant evidence during the pendency of a litigation if opposing counsel waited until years later in the lawsuit to request it. This court is unaware in its research of any case finding a waiver. Nor has Casa demonstrated that it would be impractical or cumbersome to preserve the computer system in storage with the system data intact during this litigation. All that Casa has demonstrated by affidavit of its technology specialist is that the computers were replaced and the old ones discarded. Casa has not established that the metadata was preserved in its native form. Nor does the affidavit of its technology representative even establish that the computer update was an automatic event, as opposed to a curiously fortuitous occurrence during this litigation. This does not rebut the presumption that Casa was negligent, even grossly negligent, in failing to suspend its destruction of the computer system on which the contract in question was generated.
Sanctions for discarding items in good faith and pursuant to a company’s normal business practices are inappropriate in the absence of pending litigation or notice of a specific claim (see Conderman v Rochester Gas & Elec. Corp., 262 AD2d 1068 [4th Dept 1999]; Gogos v Modell’s Sporting Goods, Inc., 87 AD3d 248 [1st Dept 2011]). However, where the party failing to preserve evidence is placed on notice of litigation within or before the time period when the requested evidence is subject to automatic destruction, a sanction will be appropriate (see Strong v City of New York, 112 AD3d 15 [1st Dept 2013] [City sanctioned for failure to preserve radio run subject to automatic destruction]).
*534 Here, the computer was discarded during pending litigation, at a time when the defendant knew or should have known, even absent a specific demand by the plaintiff, that the creation and modification of the contract, via the defendant’s computer system, would bear upon the parties’ dispute (see Sage Realty Corp. v Proskauer Rose, 275 AD2d 11 [1st Dept 2000]). As one Court has observed, “the lynchpin for spoliation sanctions under New York law, is prejudice” (Fitzpatrick v Toy Indus. Assn., 2009 NY Slip Op 30083[U], *16 [Sup Ct, NY County 2009]). While the plaintiff is not entirely foreclosed from proving its case based upon testimonial evidence, the opportunity to include a forensic analysis of the metadata to demonstrate potentially that the defendant’s contract was created at a time when it had notice of the plaintiff’s contract with the property developer is negated by the destruction of the computer (see Coleman v Putnam Hosp. Ctr., 74 AD3d 1009, 1011 [2d Dept 2010]). The plaintiff is not required to accept the defendants’ assurances that the metadata would not add to its proof at trial.
The key issue when considering a spoliation sanction is often the degree of willfulness with respect to the refusal or failure to disclose information which ought to have been disclosed (see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908 [3d Dept 2013]; Suffolk P.E.T. Mgt., LLC v Anand, 105 AD3d 462 [1st Dept 2013]). Striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct (see Iannucci v Rose, 8 AD3d 437, 438 [2d Dept 2004]). When the moving party is still able to establish or defend a case, a less severe sanction is appropriate (see De Los Santos v Polanco, 21 AD3d 397, 398 [2d Dept 2005]; Iannucci v Rose at 438; see also Zacharius v Kensington Publ. Corp., 2015 NY Slip Op 31698[U] [Sup Ct, NY County 2015, Bransten, J.]).
A less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense (see e.g. Mangilit-Pradlik v Valvoline Instant Oil Change GE6604-White Plains, 120 AD3d 774, 775 [2d Dept 2014]; Barnes v Paulin, 52 AD3d 754, 755 [2d Dept 2008]; Pennachio v Costco Wholesale Corp., 119 AD3d 662 [2d Dept 2014]; Ocwen Loan Servicing, LLC v Ohio Pub. Empls. Retirement Sys., 49 Misc 3d 1219[A], 2015 NY Slip Op 51775[U] [Sup Ct, NY County 2015, Bransten, J.]).
After due consideration, the court finds that a negative inference at trial, as set forth in the standard PJI 1:77, will be suf *535 ficient to strike a balance between the need to ameliorate any prejudice related from the destruction of the computer system, and the absence of demonstrable wilfulness on the defendants’ part.
Accordingly, it is hereby ordered, that motion by plaintiff is granted to the extent that a negative inference charge (PJI 1:77), with respect to the metadata, shall be given against defendant Casa Redimix Concrete Corp. at the time of the trial of this action; and it is further ordered, that all other applications not specifically addressed herein are denied in all respects.