■ CITY OF NEW YORK et al., Respondents, v 100 WEST 88TH STREET HOUSING DEVELOPMENT FUND CORPORATION et al., Appellants. [32 NYS3d 67]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 27, 2015, which, insofar as appealed from, granted plaintiffs' motions for summary judgment on the issue of liability for breach of contract and for discovery as to defendant 67 West 87th Street Housing Development Fund Corporation's finances, unanimously modified, on the law, to deny plaintiffs' motions as to liability, and otherwise affirmed, without costs.

The City of New York and six Housing Development Fund Corporations (HDFCs; together, plaintiff HDFCs), each of which owns at least one residential building that was converted from city ownership to cooperative ownership pursuant to Private Housing Finance Law article XI, through the City's Tenant Interim Lease Program, seek to enforce a replacement reserve agreement (the RRA) against defendants, HDFCs whose converted buildings contain commercial rental space. The RRA requires defendants to contribute a portion of their commercial rental income—as much as 80% of that income beginning in the sixth year of the 30-year term of the RRA—to a replacement reserve account for the benefit of all the HDFCs.

Plaintiff HDFCs, defendants, and another, nonparty, HDFC are residential cooperatives on the Upper West Side that were part of a group of 14 city-owned apartment buildings that were jointly managed and renovated through the City's Department of Housing Preservation and Development's (HPD) Mutual Housing Association and were converted to residential cooperatives between 2003 and 2004. The HDFCs were required by HPD to execute the RRA as a condition of closing on the purchases of their respective buildings.

Summary judgment in plaintiffs' favor on the breach of contract cause of action is precluded by issues of fact. The subscription agreement and other conversion materials provided to the tenants did not refer to the RRA. Given the effect that the loss of a substantial portion of their commercial rental income would surely have on defendants' finances, a trier of fact could find that this was a material omission, i.e., that there was "a substantial likelihood that, under all the circumstances, the omitted fact would have assumed *actual significance* in the deliberations of the reasonable [tenant]" (*State of New York v Rachmani Corp.*, 71 NY2d 718, 726 [1988] [internal quotation marks omitted]; *see also 2 Fifth Ave. Tenants Assn. v Abrams*, 183 AD2d 577 [1st Dept 1992]).

Defendants' argument that HPD did not have the authority to condition the sales on execution of the RRA, however, is

unsupported. General Municipal Law § 695 allows a municipality to dispose of real property, under the Urban Development Action Area Act, where, inter alia, "all . . . essential terms and conditions of such sale . . . [are] included in the notice published by the agency" (*id.* § 695 [2] [b]). While the RRA may have been a material term to the tenants of the affected buildings, it was not an "essential term[ ] and condition[ ]" that had to be disclosed to obtain municipal approval for the sale (*see id.*).

Nor does the RRA violate the statutory prohibition against allowing the income of an HDFC to inure to the benefit of others (Private Housing Finance Law § 573 [3] [b]). A portion of defendants' commercial rental income to be paid into a reserve account, in satisfaction of a contractual obligation entered into as a condition of closing, would constitute a corporate expense.

Plaintiffs did not, by their inaction, waive their right to enforce the RRA (*see Courtney-Clarke v Rizzoli Intl. Publs.*, 251 AD2d 13 [1st Dept 1998]).

The motion court providently exercised its discretion in compelling financial disclosure. Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.